[No. S043032. Dec. 21, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTONIO CORONADO, Defendant and Appellant.

**COUNSEL**

Matthew Alger, under appointment by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Robert G. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BAXTER, J.**—In the companion to this case, *People* v. *Baird* (1995) 12 Cal.4th 126 [48 Cal.Rptr.2d 65, 906 P.2d 1220], we conclude that when a

prior felony conviction is used to establish the ex-felon element of a charge under section 12021 of the Penal Code[1] (ex-felon in possession of a firearm), the prison term resulting from that prior conviction may be used to enhance the defendant's sentence under section 667.5, subdivision (b) (section 667.5(b)) without contravening the reasoning in *People* v. *Jones* (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d 1163] (*Jones*) and other earlier decisions.

In this case, we confront related issues involving a section 667.5(b) enhancement and the use of a prior conviction to elevate a driving under the influence charge to a felony under section 23175 of the Vehicle Code. We hold here that the use of a prior conviction and resulting prison term for elevation and enhancement purposes is consistent with the legislative intent underlying Vehicle Code section 23175 and section 667.5(b), and that *Jones*, *supra*, 5 Cal.4th 1142, does not support a contrary result. We further conclude that a prior conviction and prior prison term may be utilized in this manner without violating section 654's prohibition against multiple punishment of an act or omission.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The pertinent facts are not in dispute. At a bench trial, defendant was found guilty of having driven a vehicle while under the influence of alcohol in violation of Vehicle Code section 23152, subdivision (a) (Vehicle Code section 23152(a)). Defendant then admitted he had suffered three prior driving under the influence convictions within the meaning of Vehicle Code section 23175. Defendant also admitted he had served three prior prison terms for felony convictions within the meaning of section 667.5(b).[2] One of the prior prison terms—for felony drunk driving in violation of Vehicle Code section 23152(a)—stemmed from the third prior conviction used to elevate the current offense to a felony under Vehicle Code section 23175. The superior court sentenced defendant to a total fixed prison term of six years. This consisted of the upper term of three years for the violation of Vehicle Code sections 23152(a) and 23175 and three 1-year enhancements under section 667.5(b) for the prior prison terms.

The Court of Appeal affirmed the judgment, finding that the enhancement is not prohibited under statutory or decisional law. We granted defendant's petition for review.

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

[2]The information alleged that defendant previously had been convicted and had served prison terms for the felony offenses of: (1) voluntary manslaughter (§ 192.1 [*sic*]); (2) robbery (§ 211); and (3) felony drunk driving (Veh. Code, §§ 23152(a), 23175).

## II. DISCUSSION

Defendant contends that one of his enhancements must be stricken because it was based upon a prior prison term that stemmed from one of the convictions used to elevate his current drunk driving charge to a felony under Vehicle Code section 23175. Defendant asserts that imposition of the prior prison term enhancement is contrary to the legislative intent underlying that statute and is improper under *Jones, supra,* 5 Cal.4th 1142. Defendant also argues that the enhancement is precluded by section 654's ban against multiple punishment. For the reasons that follow, we conclude otherwise.

### A. *Legislative Intent*

As pertinent here, Vehicle Code section 23152(a) makes it unlawful for any person who is under the influence of alcohol to drive a vehicle. Ordinarily, violation of that provision is a misdemeanor offense. (See generally, 2 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Crimes Against Public Peace and Welfare, § 917, p. 1040.)

Vehicle Code section 23175 provides that a conviction of a violation of Vehicle Code section 23152(a) may be punished as either a misdemeanor or a felony if "the offense occurred within seven years of three or more separate violations of [Vehicle Code] Section 23103, as specified in [Vehicle Code] Section 23103.5, or [Vehicle Code] Section 23152 or 23153, or any combination thereof, which resulted in convictions . . . ." Under Vehicle Code section 23175, punishment shall be "by imprisonment in state prison, or in the county jail for not less than 180 days nor more than one year, and by a fine of not less than three hundred ninety dollars ($390) nor more than one thousand [dollars] ($1,000)." (Veh. Code, § 23175, subd. (a).) In addition, the person's privilege to operate a motor vehicle shall be revoked. (*Ibid.*)

Defendant first argues that punishment based upon prior drunk driving convictions may not exceed a maximum of three years in state prison under Vehicle Code section 23175.[3] In defendant's view, Vehicle Code section 23175 bars the use of a prior prison term for enhancement purposes if the

---

[3]Because Vehicle Code section 23175 does not prescribe otherwise, a felony conviction thereunder "is punishable by imprisonment in any of the state prisons for 16 months, or two or three years." (§ 18.)

Although defendant claims that one of the prison term enhancements should be stricken, he makes no argument that the trial court erred in imposing the upper felony term of three years. The record reflects the trial court found as circumstances in aggravation the fact that defendant was on parole at the time of the offense and the fact that his prior performance on parole or probation was not satisfactory. (See Cal. Rules of Court, rule 421(b)(4) & (5).)

underlying conviction is used to qualify the current offense for felony punishment.

To resolve whether defendant's interpretation of the relevant statutes is correct, we are guided by familiar canons of statutory construction. ▆ "[I]n construing a statute, a court [must] ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*People* v. *Jenkins* (1995) 10 Cal.4th 234, 246 [40 Cal.Rptr.2d 903, 893 P.2d 1224].) In determining that intent, we first examine the words of the respective statutes: "If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.' [Citation.] 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' " (*Lennane* v. *Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976].) If, however, the terms of a statute provide no definitive answer, then courts may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. (See *Granberry* v. *Islay Investments* (1995) 9 Cal.4th 738, 744 [38 Cal.Rptr.2d 650, 889 P.2d 970].) "We must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." (*People* v. *Jenkins*, *supra*, 10 Cal.4th at p. 246.)

▆ As a preliminary matter, we observe defendant makes no contention that either Vehicle Code section 23152(a) or section 667.5(b) precludes the use of a prior prison term to enhance the sentence for a drunk driving conviction where Vehicle Code section 23175 is not applicable. Nor could he. Vehicle Code section 23152(a) simply defines the misdemeanor offense of driving under the influence of alcohol or drugs; its terms do not in any way purport to prohibit the use of a prior prison term to enhance a sentence thereunder. At the same time, section 667.5 provides in explicit and mandatory terms that "[e]nhancement of prison terms for new offenses because of prior prison terms *shall* be imposed as follows: [¶] . . . . [¶] (b) . . . [W]here the new offense is any felony for which a prison sentence is imposed, *in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony*; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction." (Italics added.) Plainly, this language is not susceptible to a construction providing an exception for new offenses elevated to felony status by virtue of a related prior conviction.

We now examine the terms of Vehicle Code section 23175. Prior to 1988, that section provided for a county jail term of one hundred eighty days to one year and a fine of $390 to $1,000 where the current Vehicle Code section 23152 offense occurred within seven years of three or more statutorily specified convictions. In 1988, Vehicle Code section 23175 was amended to add imprisonment in state prison as an alternative to imprisonment in county jail (Stats. 1988, ch. 599, § 1, p. 2160; Stats. 1988, ch. 1553, § 2, p. 5580), and was redesignated in 1990 as section 23175, subdivision (a) (Stats. 1990, ch. 44, § 6, p. 255).[4] ■■■■ Although Vehicle Code section 23175 provides a form of enhanced punishment for habitual drunk drivers,[5] it does not expressly state one way or the other whether a prior prison term enhancement may additionally apply when the prior conviction that resulted in the prison term is relied upon to elevate the current offense to a felony. Nor does the statute specify whether the imposition of felony punishment precludes the imposition of otherwise applicable punishments or enhancements.

Even though Vehicle Code section 23175 contains no language purporting to prohibit a prior prison term enhancement, defendant claims its history demonstrates a legislative intent to permit no more than three years of confinement in state prison in the event felony punishment is imposed. To buttress his position, defendant relies upon legislative documents that describe the subject legislation (1) as providing that a person previously convicted of three prior driving-under-the-influence offenses is "guilty of an alternate felony/misdemeanor, punishable by *up to* one year in the county jail or 16 months, two or *three years in state prison*" (Assem. Bill No. 3134 (1987-1988 Reg. Sess.) 3d reading analysis, May 9, 1988, italics added), and (2) as increasing "*the maximum [penalty] to up to three years in state prison*" (Sen. Ways and Means Com., analysis of Sen. Bill. No. 2651 (1987-1988

---

[4]The 1990 legislation also added subdivision (b) to Vehicle Code section 23175, providing that any person convicted of a violation of Vehicle Code section 23152 punishable under section 23175 shall be designated as an habitual traffic offender for three years subsequent to conviction. (Stats. 1990, ch. 44, § 6, p. 255.)

[5]The prior conviction provisions of Vehicle Code section 23175 do not define a substantive offense, but rather result in increased punishment for a current conviction under Vehicle Code section 23152. For this reason, Vehicle Code section 23175 has been described as a sentence-enhancing statute and not a substantive offense statute. (*People* v. *Weathington* (1991) 231 Cal.App.3d 69, 87-90 [282 Cal.Rptr. 170], analogizing to *People* v. *Bouzas* (1991) 53 Cal.3d 467, 479 [279 Cal.Rptr. 847, 807 P.2d 1076] [holding that § 666, which allows a petty theft to be charged as a felony if it is demonstrated that the defendant suffered a prior theft-related conviction, is a sentence-enhancing statute and not a substantive offense statute].) This conclusion is consistent with the view expressed in certain legislative documents that described the subject legislation as "a solid sentence enhancement measure." (E.g., Assem. Public Safety Com., Republican analysis of Sen. Bill No. 2651 (1987-1988 Reg. Sess.) dated June 24, 1988.)

Reg. Sess.) as amended May 27, 1988, italics added).[6] In defendant's view, these documents reflect a legislative purpose to make three years in state prison the maximum punishment for a fourth drunk driving conviction in seven years.

The legislative documents do not support the broad reading advanced by defendant. Even though the documents clearly describe the range of punishment available under Vehicle Code section 23175 when the current offense is elevated to a felony, they contain no indication that its purpose is to place a three-year cap on punishment for recidivist drunk drivers. Rather, the documents, fairly read, simply reflect a determination by the Legislature that "[a] fourth conviction for drunk driving within a 7 year period clearly warrants a sentence to state prison" and that misdemeanor punishment is not appropriate in all cases. (E.g., Assem. Public Safety Com., Republican analysis of Sen. Bill No. 2651 (1987-1988 Reg. Sess.), *supra*.) The documents also make apparent that the purpose of Vehicle Code section 23175 is to "send a message that the state is serious about habitual drunk drivers." (Assem. Public Safety Com., Republican analysis of Sen. Bill No. 2651 (1987-1988 Reg. Sess.) *supra*.)

In our view, Vehicle Code section 23175's purpose to authorize felony punishment of habitual drunk drivers is fully compatible with section 667.5(b)'s purpose to provide for additional punishment of a felon whose service of a prior prison term failed to deter future criminality. As it stands, Vehicle Code section 23175 treats both prior misdemeanor and felony habitual drunk drivers in the same manner—for both categories of offenders, the current offense may be elevated to a felony. But where one (or more) of the requisite prior convictions is a felony for which a prison term was served—reflecting a more serious crime and a more blameworthy offender—application of both statutes leads to the rational result that a more culpable habitual drunk driver receives greater punishment.

██    Defendant next argues that Vehicle Code section 23175 is a "special statute" which controls over section 667.5(b), a "general statute." (*In re Shull* (1944) 23 Cal.2d 745, 750 [146 P.2d 417].) We are not persuaded.

The "special over the general" rule, which generally applies where two *substantive* offenses compete, has also been applied in the context of enhancement statutes. (See *In re Shull, supra,* 23 Cal.2d at p. 750 [when use of a deadly weapon is an integral part of the offense, the additional penalties

---

[6]Both Senate Bill No. 2651 and Assembly Bill No. 3134 (both 1978-1988 Reg. Sess.) were enacted so as to allow for imprisonment in the state prison under Vehicle Code section 23175. (Stats. 1988, ch. 599, § 1, p. 2160; Stats. 1988, ch. 1553, § 2, p. 5580.)

prescribed by predecessor to § 12022 may not be imposed].) The rule does not apply, however, unless "each element of the 'general' statute corresponds to an element on the face of the 'specific' [*sic*] statute" or "it appears from the entire context that a violation of the 'special' statute will necessarily or commonly result in a violation of the 'general' statute." (See *People* v. *Jenkins* (1980) 28 Cal.3d 494, 502 [170 Cal.Rptr. 1, 620 P.2d 587]; see also *People* v. *Watson* (1981) 30 Cal.3d 290, 295-296 [179 Cal.Rptr. 43, 637 P.2d 279].)

Do the elements of section 667.5(b) correspond to the elements of Vehicle Code section 23175? Clearly not. Among other things, punishment may be imposed under section 667.5(b) only where the defendant has been previously convicted of a felony and has served a prison term therefor. In contrast, felony punishment is permissible under Vehicle Code section 23175 even where the defendant has never been convicted of a felony and has never served a term in state prison.[7] In addition, Vehicle Code section 23175 limits its application to prior convictions involving certain specified drunk driving offenses, while section 667.5(b) applies generally to any felony conviction that resulted in a prison term.

Would a conviction resulting in the application of the felony punishment provisions of Vehicle Code section 23175 "necessarily or commonly" result in the application of the enhancement provisions of section 667.5(b)? Again, the answer is no. Even though both statutes provide for punishment where prior convictions are involved, misdemeanor convictions may often serve to trigger felony punishment under Vehicle Code section 23175 but, by definition, could never trigger application of section 667.5(b). (See, e.g., Veh. Code, §§ 23152, 23103 [as specified in Veh. Code, § 23103.5].) Moreover, even though a felony drunk driving conviction (e.g., Veh. Code, § 23153) may also elevate a current offense to a felony under Vehicle Code section 23175, it is not necessarily or commonly the case that the qualifying felony conviction will have resulted in a state prison term. For example, a trial court may, in granting probation, suspend execution of a sentence for a first or second felony conviction under Vehicle Code section 23153. (Veh. Code, §§ 23181 [initial conviction under Veh. Code, § 23153], 23186 [second

---

[7]Under Vehicle Code section 23175, subdivision (a), the three prior convictions must be based upon violations of Vehicle Code section 23152, Vehicle Code section 23153 (causing bodily injury to others while driving under the influence), and/or Vehicle Code section 23103 (reckless driving), as specified in Vehicle Code section 23103.5 (acceptance of guilty or nolo contendere plea to violation of Veh. Code, § 23103 in place of charge for violation of Veh. Code, § 23152).

As indicated previously, a charge under Vehicle Code section 23152 is ordinarily a misdemeanor. A charge under Vehicle Code section 23103 is likewise a misdemeanor, while a charge under Vehicle Code section 23153 is punishable as either a misdemeanor or a felony.

conviction under Veh. Code, § 23153]; see also Veh. Code, § 23176 [probation for person punished under Veh. Code, § 23175].) Accordingly, a conviction resulting in the application of Vehicle Code section 23175's felony punishment provisions would not necessarily or commonly result in the imposition of a section 667.5(b) enhancement. The "special over general" rule has no application here.

In sum, section 667.5(b) provides in clear and mandatory terms that a one-year enhancement for a new offense "shall be imposed" "where the new offense is any felony for which a prison sentence is imposed." Because Vehicle Code section 23175 reflects no legislative purpose to disallow additional punishment where a qualifying prior conviction resulted in a prison term, we conclude that "the construction that comports most closely with the apparent intent of the Legislature" is one that gives effect to section 667.5(b) in such cases. (*People* v. *Jenkins*, *supra*, 10 Cal.4th at p. 246.)

B.   *The Jones Decision*

Defendant argues, based on *Jones*, *supra*, 5 Cal.4th 1142, that the limitation on the multiple use of enhancements contained in section 667 is applicable to the section 667.5(b) enhancement in this case. This argument must be rejected.

Defendant fails to identify anything in the relevant statutory language or history that might support his position. *Jones* simply determined that when multiple statutory enhancement provisions are available for the same prior offense, *one of which is a section 667 enhancement*, only the greater enhancement may apply. (5 Cal.4th at p. 1150.) Contrary to defendant's assertions, nothing in *Jones* suggests that section 667's limitation on cumulative enhancements may apply where, as here, no enhancement under section 667 has been imposed.

Additionally, defendant appears to rely upon *Jones* to argue there is no meaningful distinction between a prior conviction and a prior prison term under Vehicle Code section 23175 and section 667.5(b). *Jones* recognized, in effect, that prior prison term enhancements under section 667.5(b) are a "subset" of prior conviction enhancements under section 667: "If a prior felony is 'violent' enough to qualify for an enhancement under section 667.5, it will a fortiori be noxious enough to qualify as 'serious' under subdivision (a) of section 667, and will almost always have resulted in a prison term. The result is that five-year enhancements will become eight-year enhancements in all but a very few cases." (*Jones*, *supra*, 5 Cal.4th at p.

1150.) After observing that the defendant in that case had received a one-year enhancement under section 667.5(b), as opposed to the three-year enhancement under section 667.5, subdivision (a), *Jones* concluded: "Just as it would be anomalous for the law to impose an eight-year enhancement when the voters specified five, so also would it be for the law to impose a six-year enhancement when the voters specified five." (5 Cal.4th at p. 1150, fn. omitted.) To avoid that result, *Jones* construed section 667 to bar the cumulative imposition of both enhancements.

This reasoning does not aid defendant in the instant case. Unlike the situation in *Jones*, it cannot be concluded here that all or nearly all convictions that result in prison terms under section 667.5(b) will qualify to elevate a fourth drunk driving conviction to a felony under Vehicle Code section 23175. Likewise, it cannot be said that all or nearly all of the statutorily enumerated convictions that may be used to elevate a drunk driving conviction to a felony under Vehicle Code section 23175 will have resulted in a prior prison term within the meaning of section 667.5(b). The "subset" analysis in *Jones* has no application here.

### C. *Section 654*

■ Section 654 provides in its entirety: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

By its own terms, section 654 applies only to an "act or omission" made punishable in different ways by different statutes. The issue here is whether the increased punishment authorized by Vehicle Code section 23175 and the sentence enhancement provided by section 667.5(b) punish defendant twice for an act or omission within the meaning of section 654. If so, then defendant is correct that the one-year enhancement should be stricken.

Initially, we observe there are at least two types of sentence enhancements: (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense. (See *People v. Tassell* (1984) 36 Cal.3d 77, 90 [201 Cal.Rptr. 567, 679 P.2d 1], overruled on other grounds, *People v. Ewoldt* (1994) 7 Cal.4th 380, 398-401 [27 Cal.Rptr.2d 646, 867 P.2d 757].) Prior prison term enhancements, such as those authorized by section 667.5(b), fall into the first category and are attributable to the *defendant's status* as a repeat offender. (See *People v. McClanahan* (1992) 3 Cal.4th 860, 869 [12 Cal.Rptr.2d 719, 838 P.2d 241]; *In re Foss* (1974) 10 Cal.3d 910, 922 [112 Cal.Rptr. 649, 519 P.2d 1073], disapproved on other grounds, *People v. White* (1976) 16 Cal.3d 791, 796-797, fn. 3 [129 Cal.Rptr. 769,

549 P.2d 537].) The second category of enhancements, which are exemplified by those authorized under sections 12022.5 and 12022.7,[8] arise from the *circumstances of the crime* and typically focus on what the defendant did when the current offense was committed. (See *People* v. *Tassell, supra,* 36 Cal.3d at p. 90.)

We recently recognized that the appellate courts have disagreed on whether section 654 applies to enhancements. (*Jones, supra,* 5 Cal.4th at p. 1152; compare, e.g., *People* v. *Price* (1992) 4 Cal.App.4th 1272 [6 Cal.Rptr.2d 263], *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517 [253 Cal.Rptr. 633] (*Rodriguez*), and *People* v. *Boerner* (1981) 120 Cal.App.3d 506 [174 Cal.Rptr. 629] with *People* v. *Hopkins* (1985) 167 Cal.App.3d 110 [212 Cal.Rptr. 888], *People* v. *Carter* (1983) 144 Cal.App.3d 534 [193 Cal.Rptr. 193], and *People* v. *Moringlane* (1982) 127 Cal.App.3d 811 [179 Cal.Rptr. 726].) For purposes of this case, we need only decide whether section 654 bars the prior prison term enhancement imposed here.

In a closely analogous context, *Rodriguez, supra,* 206 Cal.App.3d 517, held that a single prior robbery conviction and resulting prison term could be used both to upgrade a subsequent petit theft from a misdemeanor to a felony under section 666 and to enhance the sentence therefor under section 667.5(b). In rejecting the argument that section 654 precludes such a result, *Rodriguez* reasoned that prior prison term enhancements are not imposed for "acts or omissions" within the meaning of the statute: "Section 654 applies to an 'act or omission,' i.e., criminal conduct or neglect. Both sections 666 and 667.5 apply to facts, not acts; they relate to the *status* of the recidivist offender engaging in criminal conduct, not to the conduct itself." (*Rodriguez, supra,* 206 Cal.App.3d at p. 519, italics added; see also *People* v. *Price, supra,* 4 Cal.App.4th at p. 1277 [§ 654 is inapplicable to enhancements under § 666 and § 667, subd. (a)].)

*Rodriguez* further reasoned: "To hold that section 654 applies to enhancements to forbid the dual use of any fact [such as a prior conviction or prison term] as well as to forbid multiple punishment for any act would render provisions of Penal Code section 1170, subdivision (b) superfluous and negate an amendment thereto. Section 1170, subdivision (b) presently provides in pertinent part that '[t]he court may not impose the upper term by using the fact of any enhancement upon which sentence is imposed under

---

[8]Among other things, section 12022.5 authorizes a sentence enhancement for any person who personally uses a firearm in the commission or attempted commission of a felony. (§ 12022.5, subd. (a).) Section 12022.7 authorizes an enhancement for, inter alia, any person who, with the intent to inflict injury, personally inflicts great bodily injury on any person other than an accomplice in the commission or attempted commission of a felony. (§ 12022.7, subd. (a).)

section 667.5 . . . or under any other section of law.' If section 654 prohibited all dual uses of facts, this section . . . would be superfluous. [¶] When section 1170, subdivision (b) was enacted in 1976, it also provided: 'In no event shall any fact be used twice to determine, aggravate, or enhance a sentence.' Immediately prior to the effective date of this legislation, this provision of 1170, subdivision (b) was deleted. [¶] This provision would have prohibited the sentences here as the same conviction and prison term is used to 'determine' the sentence as a felony and to enhance the sentence. It would be anomalous to apply this rule enacted in 1976 and repealed in 1977 before becoming effective under the guise of interpretation of section 654 which has been in existence since 1872." (*Rodriguez, supra,* 206 Cal.App.3d at pp. 519-520, fn. omitted.)

We find the reasoning of *Rodriguez* persuasive. As explained above, prior prison term enhancements are attributable to the defendant's status as a repeat offender (*People v. McClanahan, supra,* 3 Cal.4th at p. 869; *In re Foss, supra,* 10 Cal.3d at p. 922); they are not attributable to the underlying criminal conduct which gave rise to the defendant's prior and current convictions. Because the repeat offender (recidivist) enhancement imposed here does not implicate multiple punishment of an act or omission, section 654 is inapplicable.

Defendant argues that *People v. Hopkins, supra,* 167 Cal.App.3d 110, *People v. Carter, supra,* 144 Cal.App.3d 534, and *People v. Moringlane, supra,* 127 Cal.App.3d 811, support application of section 654 under the circumstances of this case. We disagree.

Significantly, two of the cases applied section 654 to section 667.5(b) and other repeat offender enhancement statutes only after concluding that the "acts" made punishable by those enhancements are those prior offenses committed by the defendant which resulted in the prior convictions or prison terms. (*People v. Hopkins, supra,* 167 Cal.App.3d at p. 118;[9] *People v. Carter, supra,* 144 Cal.App.3d at p. 542.) That notion, however, has long been discredited. (*People v. Biggs* (1937) 9 Cal.2d 508, 512 [71 P.2d 214, 116 A.L.R 205] [repeat offender enhancements are not attributable to the underlying criminal conduct which gave rise to the defendant's prior conviction and prison term]; *People v. Dutton* (1937) 9 Cal.2d 505, 507 [71 P.2d 218] [same]; see also *People v. McClanahan, supra,* 3 Cal.4th at p. 869

---

[9]*People* v. *Hopkins* held, relying upon section 654, that the same prior convictions could not be used to cumulatively enhance the defendant's sentence under sections 667 and 667.5. (167 Cal.App.3d at pp. 117-118.) *Jones, supra,* 5 Cal.4th 1142, reached the same result based upon the statutory intent underlying section 667. In so doing, *Jones* declined to decide whether section 654 applies to enhancements. (5 Cal.4th at p. 1152.)

[prior felony conviction or prison term enhancements are based on the offender's status as a previously convicted felon]; *In re Foss, supra,* 10 Cal.3d at p. 922 [increased penalties for subsequent offenses are attributable to the defendant's status as a repeat offender].) Because their applications of section 654 were premised on the erroneous assumption that a recidivist enhancement relates to the defendant's conduct underlying a prior conviction, *People* v. *Hopkins, supra,* and *People* v. *Carter, supra,* are to that extent flawed and hereby disapproved.

*People* v. *Moringlane, supra,* 127 Cal.App.3d 811, likewise is unhelpful. In that case, the defendant had been convicted of, among other things, (1) assault with intent to murder William McDowell, (2) assault with intent to murder Javior Silva, and (3) assault with intent to murder Michael Rico. At sentencing, the trial court imposed three enhancements—one on each of those three counts—for the infliction of great bodily injury upon the same person, William McDowell. The Court of Appeal struck two of the three enhancements (from the Silva and Rico counts) pursuant to section 654, even though it noted that statutory language did not literally prohibit imposition of the three sentence enhancements. Relying upon settled case law, the court concluded that the statute "prohibits the imposition of multiple enhancements for the single act of inflicting great bodily injury upon one person." (127 Cal.App.3d at p. 817.)

*People* v. *Moringlane, supra,* 127 Cal.App.3d 811, does not support defendant's position. In the first place, that case did not concern a recidivist type of enhancement. Even if it is assumed that an enhancement for the infliction of great bodily injury during the commission of an offense is properly viewed as punishing a defendant for an "act" within the meaning of section 654, such enhancements are plainly distinguishable from those attributable to a defendant's *status* as a repeat offender. (See *People* v. *Tassell, supra,* 36 Cal.3d at p. 90.) Moreover, unlike the apparent situation in *People* v. *Moringlane, supra,* the same statutory enhancement was not imposed more than once in this case.

Consistent with the reasoning of *Rodriguez, supra,* 206 Cal.App.3d 517, we hold that a single prior conviction and resulting prison term may be used both to elevate a violation of Vehicle Code section 23152 to a felony under Vehicle Code section 23175 and to enhance the sentence therefor under section 667.5(b) without violating section 654's bar against multiple punishment of an act or omission.[10]

---

[10]Defendant seems to additionally argue that the "dual use" of his prior conviction to elevate his current offense to a felony and to enhance his sentence is prohibited. As we have

### III. DISPOSITION

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Arabian, J., George, J., and Werdegar, J., concurred.

**KENNARD, J.,** Concurring.—May a single prior felony conviction for driving under the influence (Veh. Code, § 23152, subd. (a); hereafter DUI) be used both to elevate a new DUI offense from a misdemeanor to a felony and to support a prior prison term enhancement (that is, the imposition of an additional and consecutive prison term when the person committing a felony has previously served a term in state prison)? The majority holds that it may. I agree.

In my dissent in the companion case of *People* v. *Baird* (1995) 12 Cal.4th 126, 136 [48 Cal.Rptr.2d 65, 906 P.2d 1220] I explain that there is a general rule of statutory construction, based on a reasonable inference of legislative intent, that a single fact may not be used both to prove a crime and to increase the punishment for that crime. And I explain there that this inference of legislative intent is strongest when the fact that is an element of the offense will, in every instance, also satisfy the requirements for the increased punishment. The inference becomes weaker, and the rule ceases to apply, if the fact that is an element of the offense does not frequently or typically also satisfy the requirements for the increased punishment.

Here, the majority persuades me that persons convicted of DUI do not frequently or typically serve prison terms for this offense. (Maj. opn., *ante*, at pp. 154-155.) Therefore, I agree that we should not infer a legislative intent to preclude use of a single prior DUI conviction both to elevate a new DUI offense from a misdemeanor to a felony and to support a prior prison term enhancement.

I also agree, for the reasons stated by the majority, that using a single prior DUI conviction for these two distinct purposes does not violate the multiple punishment proscription of Penal Code section 654.

Accordingly, I concur in the judgment.

---

previously recognized, however, "[o]nly two express 'dual use' prohibitions appear in the Determinate Sentencing Act. Section 1170, subdivision (b), prohibits imposition of an upper term based upon 'the fact of any enhancement upon which sentence is imposed [under section 667.5] . . . .' California Rules of Court, rule 425(b), states that a fact that is an element of the crime, or that is used to impose an upper term or otherwise enhance a defendant's prison sentence, may not be used also to justify imposition of a consecutive rather than a concurrent sentence." (*People* v. *Jenkins, supra,* 10 Cal.4th at p. 252, fn. 10.) The facts of the present case do not fit within the parameters of those two dual-use prohibitions.

**MOSK, J.**—I dissent. The majority's result amounts to a form of triple jeopardy.

Unquestionably, driving a motor vehicle while voluntarily under the influence of intoxicants is a serious offense. It carries great potential for harm to the offender and others. "[T]here is no doubt that the effects of drunk driving are cruel indeed." (*Gikas* v. *Zolin* (1993) 6 Cal.4th 841, 860 [25 Cal.Rptr.2d 500, 863 P.2d 745] (dis. opn. of Mosk, J.), italics deleted.) Hence, within the bounds prescribed by law, such a crime deserves severe punishment.

However, the Legislature cannot have intended the punishment conferred on defendant as a result of his present and prior misconduct.

Defendant admitted that in 1990 he violated Vehicle Code section 23152, subdivision (a), and served a prison term therefor. It was at the time his third violation of section 23152. The court also found him guilty of violating section 23152, subdivision (a), in the proceeding before us.

In sentencing defendant, the court invoked his 1990 offense, along with his two other prior convictions under Vehicle Code section 23152, to convict him of a felony for driving under the influence of alcohol on the present occasion. (*Id.*, § 23175, subd. (a).) He received a three-year prison sentence. In other words, he was again punished under law for his prior conduct.

Then the court invoked the service of a prison term for the same 1990 offense to enhance defendant's sentence by an additional year. (Pen. Code, § 667.5, subd. (b) [providing under certain conditions that an individual sentenced to prison for "any felony" who served a prior prison term for "any felony" shall receive a one-year enhancement of the sentence imposed].) The sentence was also enhanced because he served two other prior terms for felony offenses. (*Ibid.*)

The result is that, for a drunk-driving conviction resulting in no injury, defendant received a six-year prison sentence. Although the majority are able to parse various statutes in affirming the sentence, ultimately their reasoning is " 'hypertechnical' " and " ' "supertechnical" ' " (*People* v. *Jones* (1993) 5 Cal.4th 1142, 1148 [22 Cal.Rptr.2d 753, 857 P.2d 1163] [explaining a prior opinion's characterization of "the distinction between prior prison terms and prior felonies for enhancement purposes"]). They cannot escape the core fact that by the time of his release defendant will have been punished three times for his 1990 offense: when he was convicted thereof, when it was used to elevate the current offense to a felony, and when the prison term he received for it was used to enhance his sentence yet again.

At bottom, the question we must decide is the Legislature's intent in determining punishment under the extremely complicated sentencing schemes it has created. "A statute must be construed 'in the context of the entire statutory system of which it is a part, in order to achieve harmony among the parts.' " (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1009 [239 Cal.Rptr. 656, 741 P.2d 154].) So it is with Penal Code section 667.5, subdivision (b). No matter how elegantly the majority may explain how the various statutes in question mesh, I submit that they miss the essential point. Specifically, I doubt that the Legislature intended to sentence anyone to six years' imprisonment for a drunk-driving offense in which no injury resulted. This outcome is particularly dubious given that, if defendant's prior prison term were not invoked in deciding his punishment, he would still receive five years' imprisonment.

I believe that the Legislature intended to give a person in defendant's position five years' imprisonment. Therefore I dissent.

Appellant's petition for a rehearing was denied February 22, 1996. Mosk, J., was of the opinion that the petition should be granted.