[No. B104174. Second Dist., Div. Four. Oct. 9, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
RODOLFO ESPINOZA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I., II., III.(2). and III.(3).

COUNSEL

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Robert F. Katz and David Andrew Eldridge, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

EPSTEIN, J.—

### INTRODUCTION

Rudolfo Espinoza challenges his conviction of attempted second degree burglary. He raises evidentiary and instructional issues, and challenges his sentence under the "Three Strikes" law. In the published portion of this opinion we conclude that when a current felony is an attempt crime and

sentencing is in the context of the Three Strikes law, that law supersedes the general statute for punishment of attempts and governs the sentence that must be imposed. We find no error and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

The facts pertinent to this appeal are undisputed and may be briefly summarized. Frank Fullbright and his daughter, Franchessa Denison, watched a man try to pry open a parked car while a second man, appellant, stood about 10 feet away. The two men ducked twice when cars passed by. Ms. Denison called 911, and police responded. The men fled when the police arrived. There were pry marks and scratches on the car, and a screwdriver was inserted in the passenger doorjamb. Another screwdriver was found near the rear tire.

Appellant was charged with attempted second degree burglary of a vehicle in violation of Penal Code sections 664 and 459.[1] The object crime of the burglary was larceny. Two prior strikes and two prior prison terms were alleged. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).)

At trial, Mr. Fullbright was asked on direct examination, "[D]o you recall telling the officer that [one] of the suspects would stand up periodically and look around, as if he were a lookout?" Defense counsel objected to this as an "improper question." The objection was sustained on the grounds of inadequate foundation. After laying a foundation, the prosecutor reiterated the question. This time there was no objection. Mr. Fullbright answered affirmatively. Ms. Denison testified that she "saw [two] men attempting to break into a car." Defense counsel objected to Ms. Denison's statement as calling for speculation. This objection was overruled.

A jury convicted appellant of attempted second degree burglary. Appellant waived his right to jury trial on the priors. The court denied his motion to dismiss a prior after finding that appellant had a 14-year history of crime. He had prior convictions of theft, forgery, receiving stolen property, two felony burglaries, and several counts of using or being under the influence of a controlled substance. Appellant's record also included violations of probation and parole. He was sentenced to 25 years to life.

Appellant contends that Ms. Denison's testimony constitutes inadmissible lay opinion and should have been excluded. He also claims the trial court

---

[1]All further code citations are to the Penal Code unless otherwise stated.

erred in failing to instruct on attempted joyriding as a lesser included offense. Finally, appellant argues that the court improperly imposed a 25-year-to-life sentence.

DISCUSSION

I, II*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

III

Appellant makes three arguments that his sentence of 25 years to life constitutes an improper sentence in this case: (1) He should have been sentenced pursuant to section 664 rather than section 667, subdivisions (b)-(1); (2) the trial court abused its discretion in denying his motion to strike a prior; and (3) application of the 25-year-to-life sentence to appellant constitutes cruel and unusual punishment. We find no merit in these contentions.

1.  *Appropriate Sentencing Structure*

Appellant argues that the trial court improperly sentenced him under the Three Strikes law (§ 667, subds. (b)-(i)) rather than under section 664. He also contends that section 664 is a special statute which is controlling over the Three Strikes law, a general statute. In addition, citing *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 973 [60 Cal.Rptr.2d 93, 928 P.2d 1171] [holding trial courts have discretion under section 17, subdivision (b) to reduce a wobbler to a misdemeanor] and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530 [53 Cal.Rptr.2d 789, 917 P.2d 628] [holding that a trial court has discretion under section 1385, subdivision (a) to dismiss a prior felony in furtherance of justice], appellant argues that notwithstanding the Three Strikes law, a court retains discretion to sentence a defendant under section 664.

The " 'special over general' " rule applies when each element of a general statute corresponds to an element of the special statute, or when " 'a violation of the "special" statute will necessarily or commonly result in a violation of the "general" statute.' " (*People v. Coronado* (1995) 12 Cal.4th 145, 153-154 [48 Cal.Rptr.2d 77, 906 P.2d 1232].) The elements of section 667, subdivisions (b)-(i), do not correspond to the elements of section 664, nor does a violation of section 664 necessarily or commonly result in the

*See footnote, *ante*, page 248.

application of the Three Strikes law. Punishment under that law occurs only when a defendant has suffered a previous serious or violent felony conviction. Punishment under section 664 occurs whenever a defendant is convicted of an attempt crime and no punishment is designated by any other provision. (§§ 664, 667, subd. (c).) (See *People* v. *Coronado, supra,* 12 Cal.4th at p. 154.) It follows that section 664 does not control over the Three Strikes law.

Both the *Romero* and *Alvarez* courts recognized limitations on a court's discretion in sentencing under the Three Strikes law. (*People* v. *Superior Court (Romero), supra,* 13 Cal.4th at p. 528; *People* v. *Superior Court (Alvarez), supra,* 14 Cal.4th at p. 976.) Neither holds that a defendant who has suffered a prior conviction for a serious or violent felony can be sentenced under a sentencing scheme other than Three Strikes. The *Alvarez* court pointed out that section 17 is sui generis. " 'It specifically leaves the determination of the nature of the conviction to the discretion of the judge to be determined at sentencing. It applies only to "wobblers" and to no other crimes.' " (14 Cal.4th at p. 975, quoting *People* v. *Trausch* (1995) 36 Cal.App.4th 1239, 1246 [42 Cal.Rptr.2d 836].)

Contrary to appellant's assertion, the trial court properly sentenced him under the Three Strikes provision of section 667. When a prior serious or violent felony is pled and proven, a defendant must be sentenced under that law if it would result in a more severe sentence even if another statute otherwise would apply. (*People* v. *Jenkins* (1995) 10 Cal.4th 234, 238, fn. 2 [40 Cal.Rptr.2d 903, 893 P.2d 1224]; *People* v. *Ervin* (1996) 50 Cal.App.4th 259, 265 [57 Cal.Rptr.2d 728] ["[A] second or third strike defendant is not entitled to a *benefit* (that is, a shorter sentence) under . . . some other sentencing statute . . . ." (original italics)], disapproved on other grounds in *People* v. *Fuhrman* (1997) 16 Cal.4th 930 [67 Cal.Rptr.2d 1, 941 P.2d 1189].) That is the meaning of the "notwithstanding" clause that introduces the sentencing system applicable to appellant. (§ 667, subd. (c).) In the present case, two prior felonies were pled and proven, and sentencing appellant under section 667 would result in a more severe sentence. Thus, section 667, subdivisions (b)-(i) rather than section 664 must be applied for sentencing.

Appellant also argues that imposition of a Three Strikes sentence violates his procedural due process rights based on a state-created liberty interest. He predicates this argument on his claim that his sentence under section 667, subdivisions (b)-(i) was unauthorized. Because he was correctly sentenced under section 667, subdivisions (b)-(i), we need not address this argument further.

2., 3.*

. . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Vogel (C. S.), P. J., and Hastings, J., concurred.

A petition for a rehearing was denied November 3, 1997, and appellant's petition for review by the Supreme Court was denied January 21, 1998.

*See footnote, *ante*, page 248.