Opinion
 

 SILLS, P. J.
 

 The district attorney appeals the dismissal of a case against Silvio Ortero Sanchez, a defendant charged with attempted possession of cocaine under Penal Code section 664 and Health and Safety Code section 11350.
 
 [1]
 
 A number of such prosecutions resulted from a “reverse sting” operation conducted by the Santa Ana Police Department, in which undercover officers posed as street sellers of cocaine in areas known for drug activity. In each case, the defendant brought a motion to dismiss based on the rule that the more specific statute of solicitation—section 653f, subdivision (d)—preempted prosecution under the more general statutes of section 664 and Health and Safety Code section 11350. The motion was granted by the trial court in this case; we reverse.
 

 
 *1493
 
 Facts
 

 During November 1995 and January 1996, police officers posed as street cocaine sellers in certain neighborhoods of Santa Ana known for drug activity. Sanchez, noticing one of the undercover officers, walked up to him. The officer asked, “what do you want?” Sanchez said, “rock.” The officer interpreted this to mean rock cocaine, asking Sanchez to show him what money he had. Sanchez conceded that he did not have any money, but he pulled out a car stereo and offered it in exchange for $20 worth of cocaine. When the officer hesitated, Sanchez added that he would include the vest off his back for $10 worth of the drug. The officer took the vest, tried it on and agreed to the deal. Still wearing the vest, the officer told Sanchez to wait there while his partner collected and delivered the cocaine. While Sanchez patiently waited, the officer gave a prearranged signal, resulting in Sanchez’s arrest.
 

 Discussion
 

 Specific Versus General Legislation
 

 In 1987, the Legislature amended section 653f, subdivision (d)—a misdemeanor
 
 [2]
 
 —to provide that every “person who, with the intent that the crime be committed, solicits another to commit an offense specified in Section 11352 [sale of cocaine], 11379, 11379.5, 11379.6, or 11391 of the Health and Safety Code shall be punished by imprisonment in a county jail not exceeding six months. . . . [U This subdivision does not apply where the term of imprisonment imposed under other provisions of law would result in a longer term of
 
 [3]
 
 Sanchez committed the act of solicitation prohibited by this misdemeanor section, but was prosecuted instead under the related provisions of attempted possession of cocaine under section 664 and Health and Safety Code section 11350, a felony. He contended that the
 
 Swann-Gilbert
 
 rule bars prosecution under the general statutes if the more specific statute is factually applicable. (See
 
 People
 
 v.
 
 Gilbert
 
 (1969) 1 Cal.3d 475, 479 [82 Cal.Rptr. 724, 462 P.2d 580];
 
 People
 
 v.
 
 Swann
 
 (1963) 213 Cal.App.2d 447, 449 [28 Cal.Rptr. 830].)
 

 
 *1494
 
 The district attorney argues that Sanchez deserves the conviction for the more severe charge of attempted cocaine possession because he committed
 
 more
 
 than mere solicitation: He tendered the car stereo to the officer for the cocaine, bartered further when that was not acceptable, handed over his own vest and then waited for delivery of the cocaine. The question arises whether the lesser offense of solicitation preempts the greater offense of attempted possession of cocaine. In this factual situation, it does not.
 

 Solicitation is defined as an offer or invitation to another to commit a crime. (See generally, 1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Elements of Crime, § 124, pp. 143-144.) It does not, by itself, constitute an attempt, but may escalate into an attempt to commit a crime after the offeror commits “a direct, unequivocal act towards committing the crime[.]”
 
 (Id.,
 
 §§ 143, p. 161, 21a.)
 
 [4]
 
 Therefore, the difference between an attempt to sell cocaine under section 664 and Health and Safety Code section 11352, and the solicitation of another to sell cocaine under section 653f, subdivision (d) is twofold: (1) The attempted possession charge requires a “direct, unequivocal act” towards the sale of cocaine beyond the solicitation itself; and (2) the solicitation offense found in section 653f requires only an invitation to another to sell the contraband, without any further act towards the crime’s commission, and carries only a misdemeanor penalty.
 
 [5]
 

 The district attorney did not charge Sanchez with attempted cocaine
 
 sales
 
 (Health & Saf. Code, § 11352), the offense listed in section 653f as the offense which is not to be solicited. Instead, the prosecutor accused him of attempting to
 
 possess
 
 cocaine (Health & Saf. Code, § 11350), which was proven by the solicitation of the undercover officer
 
 in combination with
 
 Sanchez’s proffer of the stereo, tender of his vest, and then compliance with the officer’s order to wait for the cocaine’s delivery. The combination of the proffered items and then the wait constituted the direct, unequivocal acts towards the commission of the crime of cocaine possession and thus took the case out from under the mandatory umbrella of section 653f.
 

 In dismissing the case, the trial court found that the actions involved here were
 
 no more
 
 than those the Legislature intended to proscribe under the
 
 *1495
 
 specific statute of solicitation. If such actions are no more than those which the Legislature intended to proscribe by the specialized legislation, then the test for application of the
 
 Swann-Gilbert
 
 rule has been met. The actual test is whether the facts proving the attempt to possess cocaine are the identical ones used to prove the solicitation. (Cf.
 
 People
 
 v.
 
 Coronado
 
 (1995) 12 Cal.4th 145, 153-154 [48 Cal.Rptr.2d 77, 906 P.2d 1232]; see, e.g.,
 
 People
 
 v.
 
 Espinoza
 
 (1997) 58 Cal.App.4th 248, 251 [69 Cal.Rptr.2d 626].) Under these circumstances, and considering the legislative intent behind the statute, they are not. (See, e.g.,
 
 People
 
 v.
 
 Molina
 
 (1992) 5 Cal.App.4th 221, 227-232 [6 Cal.Rptr.2d 736] [fraudulent application for driver’s license can be prosecuted under
 
 either
 
 perjury statute or Vehicle Code as all three tests set out in
 
 People
 
 v.
 
 Jenkins
 
 (1980) 28 Cal.3d 494, 501-505 [170 Cal.Rptr. 1, 620 P.2d 587] were met].)
 

 Under the
 
 Swann-Gilbert
 
 rule, prosecution under the generalized statutes is barred when a specific law is intended by the Legislature for a given factual situation. (See
 
 People
 
 v.
 
 Gilbert, supra,
 
 1 Cal.3d 475, 479;
 
 People
 
 v.
 
 Swann, supra,
 
 213 Cal.App.2d 447, 449.) The rule is designed to enforce the intention of the Legislature in passing the specialized statute. “The fact that the Legislature has enacted a specific statute covering much the same ground as a more general law is a powerful indication that the Legislature intended the specific provision alone to apply. Indeed, in most instances, an overlap of provisions is determinative of the issue of legislative intent and ‘requires us to give effect to the special provision alone in the face of the dual applicability of the general provision . . . and the special provision . . . .’ [Citation.]”
 
 (People
 
 v.
 
 Jenkins, supra,
 
 28 Cal.3d at pp. 505-506 [specific law of welfare fraud would preempt prosecution under general perjury statute except for the express statement to the contrary by Legislature].)
 

 It is clear on the record below that had Sanchez only solicited the officer to sell him the cocaine, the sole charge he could have faced was the misdemeanor solicitation. However, that is not all that he did. He counters that the Legislature intended
 
 only
 
 the solicitation charge to be raised unless the solicitor actually accomplishes the possession. Any conduct short of the completed crime of possession of cocaine was subsumed within the solicitation statute. He cites then Assemblywoman Maxine Waters, as she stated in a letter to the California Attorney General, that the proposed amendment to section 653f expanded the crime of solicitation
 
 [6]
 
 to include offers to buy drugs, “thus allowing] law enforcement authorities to conduct ‘reverse sting’ operations as another tool against those trafficking in controlled
 
 *1496
 
 substances. . . . The bill meets constitutional requirements in placing prospective purchasers on notice that all persons who solicit drug offenses— buyers as well as sellers—are guilty. . . Likewise, the Legislative Counsel’s Digest for the amendment dated September 8, 1997, states, “This bill would specify that every person who, with the intent that the crime be committed,
 
 solicits another to
 
 . . .
 
 sell
 
 [or]
 
 furnish
 
 . . . specified controlled substances . . . shall be punished [as a misdemeanor] . . . .” (Italics added.) Similarly, a letter to the chairman of the Senate Judiciary Committee from a legislative representative of the County of Los Angeles states that “[e]xisting law does not, however, prohibit a person from purchasing or offering to purchase drugs. These individuals are currently immune from prosecution until they actually take possession of the drugs. [<JD The State Attorney General’s Office states that enactment of [this bill] would allow law enforcement agencies involved in undercover drug-buy operations to charge persons who purchase drugs without them actually having possession of the drugs. . . .”
 

 Clearly, the purpose of the bill was to criminalize the person who solicits another for drugs. The question remains, however, whether the statute was intended to
 
 reduce
 
 the culpability of one who does more than just solicitation, but fails to actually acquire the drugs. Throughout the statute’s progression through the Assembly and Senate, it fluctuated in its form and language. It originally was designed as a “wobbler,” permitting either a state prison sentence or a mere county jail term for street sellers or buyers even though the transfer of drugs does not occur. (Assem. Bill No. 770 (1987-1988 Reg. Sess.) Feb. 19, 1987.) Modifications occurred throughout the legislative proceedings. At the third reading of the amendment in the Assembly, the comments stated that “[cjurrent law already imposes criminal liability upon one who has the intent to commit a crime, but who either fails to complete the crime (attempt) or who has agreed with another to commit the crime (conspiracy). The crimes of attempt and conspiracy require that the defendant perform an overt act in furtherance of his or her intent. The crime of solicitation, however, does not.” (Assem. Bill No. 770, 3d reading June 25, 1987, 1 Assem. Final Hist. (1987-1988 Reg. Sess.) p. 575.) Therefore, it is not the case that no crime was possibly committed until an actual transfer of drugs for money occurred. Prior to making solicitation of a drug sale a crime, an attempted transfer of drugs was already a crime
 
 for the
 
 seller. But because a buyer could not commit a crime merely by asking for drugs, prospective purchasers were not being prosecuted. The solicitation statute corrected that oversight.
 

 
 *1497
 
 Until passage of section 653f, subdivision (d), solicitation was a crime of only those offenses listed in subdivisions (a) through (c), of which possession of controlled substances was noticeably absent. Any action by the prospective buyer before the actual exchange of money for drugs was legally insignificant; anything less than actually receiving the drugs rendered his or her earlier conduct as not criminal. The attempt to acquire the drugs was deemed too difficult to prove until actual possession was accomplished. Now that the solicitation itself is a criminal act, something more than the mere solicitation is necessary to elevate the conduct to an attempted possession, but it is not impossible to prove.
 

 The question remains, however, whether the statute was intended to
 
 minimize
 
 the culpability of one who does more than just solicitation, but fails to actually acquire the drugs. We think not. On the other hand, the conduct the prospective buyer must engage in before an attempted possession occurs must be more than an innocuous act. Mere obedience to an officer’s command “to wait for a moment” cannot constitute the necessary conduct to elevate culpability from mere solicitation to an attempted felony. ‘““To amount to an attempt the act or acts must go further than mere preparation; they must be such as would ordinarily result in the crime except for the interruption.”’”
 
 (People
 
 v.
 
 Welch
 
 (1972) 8 Cal.3d 106, 118 [104 Cal.Rptr. 217, 501 P.2d 225], original italics; see 1 Witkin & Epstein, Cal. Criminal Law,
 
 supra,
 
 Elements of Crime, § 143, p. 161.) Merely soliciting another is not the “act or acts” as would ordinarily result in the crime; neither is remaining in the same position for “a minute.” But that is not the sole conduct Sanchez committed. Once he negotiated the terms of the deal
 
 and tendered the stereo and vest for it,
 
 his conduct was no longer limited to the crime of solicitation. He then waited for the drug’s delivery, pursuant to the officer’s command. These acts in combination are no longer innocuous circumstances, but are all the buyer’s actions necessary to complete the crime of cocaine possession. An innocuous fact
 
 cannot
 
 propel one’s conduct into the circle of an attempt; but committing all the acts which a buyer can do short of actually taking possession of the drugs
 
 can.
 

 The district attorney argues further that the last provision in the misdemeanor statute reflects the Legislature’s intention that other prosecutions for the same conduct as solicitation
 
 are
 
 permitted, thus overriding application of the
 
 Swann-Gilbert
 
 rule. The prosecution quotes the following language: “This subdivision does not apply where the term of imprisonment imposed under other provisions of law would result in a longer term of imprisonment.” (§ 653f, subd. (d).) The prosecutor argues that this term permits prosecution for attempted possession of cocaine because such a charge
 
 *1498
 
 necessarily carries a greater term of imprisonment
 
 [7]
 
 than the misdemeanor penalty under section 653f, subdivision (d). We addressed, and rejected, this argument in
 
 People
 
 v.
 
 York
 
 (1998) 60 Cal.App.4th 1499 [71 Cal.Rptr.2d 303], and do so again for the reasons stated therein.
 

 The judgment is reversed and the case remanded to the trial court, with directions that the order to dismiss be vacated.
 

 Sonenshine, J., and Rylaarsdam, J., concurred.
 

 Respondent’s petition for review by the Supreme Court was denied April 15, 1998. Brown, J., was of the opinion that the petition should be granted.
 

 [1]
 

 Penal Code section 664 states that “[e]very person who attempts to commit any crime, but fails, or is prevented or intercepted in its perpetration, shall be punished . . . .” All further section references are to the Penal Code unless otherwise stated.
 

 Health and Safety Code section 11350 prohibits the possession of specified substances, one of which is cocaine.
 

 [2]
 

 Section 653f, subdivision (d) is a misdemeanor for anyone who has never before been charged with the offense. After a first conviction for such solicitation, any new offense under section 653f, subdivision (d) carries the potential penalty of either a six-month misdemeanor jail term, or a felony sentence in state prison for sixteen months or two or three years.
 

 [3]
 

 It should be noted that each of the Health and Safety Code sections referred to in section 653f, subdivision (d) is a felony, with the singular exception of Health and Safety Code section 11391, sale of “magic mushroom” spores. Such a sale is a “wobbler,” meaning that it can be charged as either a misdemeanor or felony. Thus,
 
 all
 
 sentences would necessarily be longer than those under section 653f, with the one exception of the sale of magic mushroom spores.
 

 [4]
 

 Section 21a states that “[a]n attempt . . . consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commissionf]”; see also CALJIC No. 6.00: “An attempt to commit a crime consists of two elements, namely, a specific intent to commit the crime, and a direct but ineffectual act done toward its commission. . . .”
 

 [5]
 

 Unless, of course, the solicitor has already been convicted of this type of solicitation and has reoffended, resulting in a new charge under the same section. Reoffenders face a possible
 
 felony
 
 charge. (See fn. 2,
 
 ante.)
 

 [6]
 

 Before passage of this amendment, solicitation had been limited to crimes of certain types of fraud, prostitution, bribery, robbery, burglary, grand theft, extortion, perjury, forgery,
 
 *1496
 
 kidnapping, arson, assault with a deadly weapon, threatening a witness, murder, rape, forced oral copulation and sodomy. (See §§ 646, 646.5, 646.6, 647, subds. (b), 653f, subds. (a)-(c).)
 

 [7]
 

 An attempt of any crime carries a potential sentence of “imprisonment in state prison for one-half the term of imprisonment prescribed upon a conviction of the offense so attempted; . . .” (§ 664, subd. (a).) Possession of cocaine is a felony with a penalty of a prison term of sixteen months or two or three years. (§ 18; Health & Saf. Code, § 11350, subd. (a).) The only provision permitting a misdemeanor sentence is for a violation of Health and Safety Code section 11350, subdivision (b), which provides either a year in county jail
 
 or
 
 a state prison sentence ./hr
 
 possession ofnonprescribed depressants such as methaqualone,
 
 not cocaine or cocaine base. (See Health & Saf. Code, §§ 11054, subd. (f) and 11055, subd. (b)(6).)