Filed 12/4/15  P. v. Espinoza CA2/4

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RODOLFO MADERA ESPINOZA,<br><br>    Defendant and Appellant. | B261577<br><br>(Los Angeles County<br>Super. Ct. No. VA034662) |

        APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

        Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle, and Kimberley J. Baker-Guillemet, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Rodolfo Madera Espinoza appeals the denial of his resentencing petition pursuant to Penal Code section 1170.18.[1] He contends the court erroneously denied his resentencing petition because (1) his conviction for attempted auto burglary (§§ 664/459) is properly considered a theft offense; and (2) the equal protection clause requires that the conviction be treated the same as a conviction for attempted grand theft of an automobile (§§ 664/487, subd. (d)(1)). We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Norwalk sheriff deputies received a call regarding two males breaking into a vehicle on October 28, 1995. A deputy responded to the location and observed Espinoza and another male squatting next to the passenger door of a 1986 blue Oldsmobile. After seeing the deputy, Espinoza and the other male fled from the location. Espinoza was apprehended after he fell to the ground while attempting to climb over a wall. One screwdriver was found stuck in the passenger door of the Oldsmobile; another was lying on the ground next to the passenger door.

The People charged Espinoza with attempted second degree burglary. A jury found Espinoza guilty as charged. Espinoza had two prior strikes and was sentenced to 25 years to life. Espinoza's conviction was affirmed in *People v. Espinoza* (1997) 58 Cal.App.4th 248, 252.

In November 2014, Espinoza petitioned to recall his sentence and for resentencing pursuant to section 1170.18. In opposition, the People argued that although Espinoza "appears to be eligible, he is unsuitable for re-sentencing as he 'poses an unreasonable risk of danger to public safety.'" The court denied the resentencing petition, concluding that Espinoza's conviction for attempted burglary is not one of the sections enumerated under section 1170.18. This timely appeal followed.

---

[1]     All further statutory references are to the Penal Code.

# DISCUSSION

## I

In November 2014, California voters enacted Proposition 47, which added several sections to the Penal Code. One of those sections, 490.2, subdivision (a), provides that "[n]otwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor," unless one of the prior disqualifying convictions enumerated in the code applies. Section 487 defines "grand theft" and subdivision (d)(1) specifies that "grand theft" is committed when the property taken is an automobile.

Proposition 47 also "created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. [Citation.] A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092; see also *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)

Although Proposition 47 does not explicitly allocate the burden of proof, at least two courts have held that a petitioner who seeks resentencing under Proposition 47 bears the burden of establishing his or her eligibility for such relief. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 447.) "'If the crime under consideration is a theft offense . . . the petitioner will have the additional burden of proving the value of the property did not exceed $950.' (Couzens & Bigelow, Proposition 47: "The Safe Neighborhoods and Schools Act" (Feb. 2015)

3

< http://www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of August 11, 2015] p. 40.)" (*Sherow, supra,* 239 Cal.App.4th at p. 879.) In *Sherow,* the court explained that a petitioner, in order to meet this burden must include, at the very least, his or her own testimony about the nature of the items taken. If the petitioner makes the initial showing, "the court can take such action as appropriate to grant the petition or permit further factual determination. [Citation.]" (*Id.* at p. 880; see also *Rivas-Colon, supra,* 241 Cal.App.4th at pp. 447-448 [finding that the petitioner's resentencing petition was properly denied because he failed to satisfy his burden proving that the value of the property he took was less than $950].)

On appeal, Espinoza argues that although attempted burglary of an automobile is not an enumerated offense under section 1170.18, it should be construed as petty theft under section 490.2 because grand theft of an automobile valued at less than $950 is considered petty theft under section 490.2. Thus, if an offense for taking an automobile valued at less than $950 can be reduced to a misdemeanor under Proposition 47, an offense for taking (or attempting to take) items, valued at less than $950, inside an automobile should also be reduced to a misdemeanor. (See *People v. Acosta* (Nov. 20, 2015, B261828) ___Cal.App.4th ___ [2015 Cal.App.Lexis 1037].)

Espinoza argues that "there is no evidence that the loss attributable to [his] attempted auto burglary exceeded $950[,]" but has not offered any facts, evidence, or argument supporting his claim that either the value of the 1986 Oldsmobile or the value of items within the Oldsmobile attributed to his attempted burglary did not exceed $950. Thus, even if Espinoza were correct in his legal arguments, an issue we do not decide, he is not entitled to relief on this record in that he has failed to meet his burden of establishing the value of the vehicle was less than $950.

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

COLLINS, J.

5