BILL LOCKYER Attorney General DANIEL G. STONE Deputy Attorney General
THE HONORABLE WILLIAM C. KATZENSTEIN, COUNTY COUNSEL, COUNTY OF RIVERSIDE, has requested an opinion on the following question:
May an airport land use commission exempt a specific plan adopted by a city or county from compliance with the commission's more stringent compatibility standards for land use, development density, and development intensity in the vicinity of a public use airport?
 CONCLUSION
An airport land use commission may not exempt a specific plan adopted by a city or county from compliance with the commission's more stringent compatibility standards for land use, development density, and development intensity in the vicinity of a public use airport.
 ANALYSIS
The Legislature has enacted a comprehensive statutory scheme, the State Aeronautics Act (Pub. Util. Code, §§ 21001-21707; "Act")[1] "to further and protect the public interest in aeronautics" (§ 21002) and, more particularly, "to provide for the orderly development of each public use airport in this state and the area surrounding these airports" (§ 21670, subd. (a)), among other specific purposes. A seven-member airport land use commission ("commission") is established in each county to formulate an airport land use compatibility plan that not only addresses land use issues but minimizes public exposure to excessive noise and other safety hazards. (§ 21670, subd. (b); see 75 Ops.Cal.Atty.Gen. 47 (1992); 74 Ops.Cal.Atty.Gen. 58 (1991); 71 Ops.Cal.Atty.Gen. 213 (1988).)[2]
The question presented for resolution concerns whether a commission may exempt a specific plan adopted by a city or county from compliance with the commission's more stringent compatibility standards for land use, development density, and development intensity in the vicinity of a public use airport. We conclude that it may not.
Preliminarily, we note that cities and counties have responsibility for formulating plans for the use and development of land within their spheres of interest, including land in the vicinity of airports. Under Government Code section 65300, each city and county must prepare a "general plan for the physical development of the county or city, and of any land outside its boundaries which in the planning agency's judgment bears relation to its planning." After a general plan has been adopted, the city or county may also prepare "specific plans for the systematic implementation of the general plan for all or part of the area covered by the general plan." (Gov. Code, § 65450.) A specific plan must be consistent with the general plan (Gov. Code, § 65454); it must include particular details and diagrams imposed by statute (Gov. Code, § 65451); and it is subject to amendment "as often as deemed necessary by the legislative body" (Gov. Code, § 65453, subd. (a)). Here, we are informed that a city or county has adopted a specific plan for the area surrounding a public use airport which contains land use, development density, and development intensity standards.
The powers of a commission are set forth in section 21674:
 "The commission has the following powers and duties, subject to the limitations upon its jurisdiction set forth in Section 21676:
 "(a) To assist local agencies in ensuring compatible land uses in the vicinity of all new airports and in the vicinity of existing airports to the extent that the land in the vicinity of those airports is not already devoted to incompatible uses.
 "(b) To coordinate planning at the state, regional, and local levels so as to provide for the orderly development of air transportation, while at the same time protecting the public health, safety, and welfare.
 "(c) To prepare and adopt an airport land use compatibility plan pursuant to Section 21675.
 "(d) To review the plans, regulations, and other actions of local agencies and airport operators pursuant to Section 21676.
 "(e) The powers of the commission shall in no way be construed to give the commission jurisdiction over the operation of any airport.
 "(f) In order to carry out its responsibilities, the commission may adopt rules and regulations consistent with this article."
Accordingly, a commission must prepare and adopt an airport land use compatibility plan (§ 21674, subd. (c)), and "review the plans, regulations, and other actions of local agencies and airport operations pursuant to section 21676" (§ 21674, subd. (d)). Section 21676, the primary statute requiring our interpretation, provides:
 "(a) Each local agency whose general plan includes areas covered by an airport land use compatibility plan shall, by July 1, 1983, submit a copy of its plan or specific plans to the airport land use commission. The commission shall determine by August 31, 1983, whether the plan or plans are consistent or inconsistent with the airport land use compatibility plan. If the plan or plans are inconsistent with the airport land use compatibility plan, the local agency shall be notified and that local agency shall have another hearing to reconsider its airport land use compatibility plans. The local agency may propose to overrule the commission after the hearing by a two-thirds vote of its governing body if it makes specific findings that the proposed action is consistent with the purposes of this article stated in Section 21670. At least 45 days prior to the decision to overrule the commission, the local agency governing body shall provide the commission and the division a copy of the proposed decision and findings. The commission and the division may provide comments to the local agency governing body within 30 days of receiving the proposed decision and findings. If the commission or the division's comments are not available within this time limit, the local agency governing body may act without them. The comments by the division or the commission are advisory to the local agency governing body. The local agency governing body shall include comments from the commission and the division in the final record of any final decision to overrule the commission, which may only be adopted by a two-thirds vote of the governing body.
 "(b) Prior to the amendment of a general plan or specific plan, or the adoption or approval of a zoning ordinance or building regulation within the planning boundary established by the airport land use commission pursuant to Section 21675, the local agency shall first refer the proposed action to the commission. If the commission determines that the proposed action is inconsistent with the commission's plan, the referring agency shall be notified. The local agency may, after a public hearing, propose to overrule the commission by a two-thirds vote of its governing body if it makes specific findings that the proposed action is consistent with the purposes of this article stated in Section 21670. At least 45 days prior to the decision to overrule the commission, the local agency governing body shall provide the commission and the division a copy of the proposed decision and findings. The commission and the division may provide comments to the local agency governing body within 30 days of receiving the proposed decision and findings. If the commission or the division's comments are not available within this time limit, the local agency governing body may act without them. The comments by the division or the commission are advisory to the local agency governing body. The local agency governing body shall include comments from the commission and the division in the public record of any final decision to overrule the commission, which may only be adopted by a two-thirds vote of the governing body.
 "(c) Each public agency owning any airport within the boundaries of an airport land use compatibility plan shall, prior to modification of its airport master plan, refer any proposed change to the airport land use commission. If the commission determines that the proposed action is inconsistent with the commission's plan, the referring agency shall be notified. The public agency may, after a public hearing, propose to overrule the commission by a two-thirds vote of its governing body if it makes specific findings that the proposed action is consistent with the purposes of this article stated in Section 21670. At least 45 days prior to the decision to overrule the commission, the public agency governing body shall provide the commission and the division a copy of the proposed decision and findings. The commission and the division may provide comments to the public agency governing body within 30 days of receiving the proposed decision and findings. If the commission or the division's comments are not available within this time limit, the public agency governing body may act without them. The comments by the division or the commission are advisory to the public agency governing body. The public agency governing body shall include comments from the commission and the division in the final decision to overrule the commission, which may only be adopted by a two-thirds vote of the governing body.
 "(d) Each commission determination pursuant to subdivision (b) or (c) shall be made within 60 days from the date of referral of the proposed action. If a commission fails to make the determination within that period, the proposed action shall be deemed consistent with the airport land use compatibility plan."
In interpreting the duties of a commission under the terms of section 21676, we are guided by well established canons of statutory construction. "The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.]" (Select Base Materials v. Board of Equal. (1959)51 Cal.2d 640, 645.) "`We must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' [Citation.]" (People v. Coronado (1995) 12 Cal.4th 145, 151; see California Correctional Peace Officers Assn. v. State Personnel Bd. (1995)10 Cal.4th 1133, 1147; Harris v. Capital Growth Investors XIV (1991)52 Cal.3d 1142, 1165-1166.)
Section 21676 provides a detailed procedure for resolving conflicts between a specific plan adopted by a city or county and an airport land use compatibility plan adopted by a commission. If the commission finds an inconsistency between the two, it must notify the city or county, which is then required to hold a public hearing. The city or county thereafter may "overrule" the commission by a two-thirds vote of its governing body, but only if it first makes findings that the specific plan is consistent with the legislative purposes set forth in section 21670.
In addition to section 21676's step-by-step approach for resolving conflicts between a specific plan and an airport land use compatibility plan,[3] the Legislature has specified further steps to be taken if the directives of section 21676 are not followed by a city or county. Section 21676.5, subdivision (a), provides:
 "If the commission finds that a local agency has not revised its general plan or specific plan or overruled the commission by a two-thirds vote of its governing body after making specific findings that the proposed action is consistent with the purposes of this article as stated in Section 21670, the commission may require that the local agency submit all subsequent actions, regulations, and permits to the commission for review until its general plan or specific plan is revised or the specific findings are made. . . ."
In light of the elaborate procedures set forth in sections 21676 and 21676.5 for identifying and resolving inconsistencies between a specific plan and an airport land use compatibility plan, it is apparent that the Legislature did not intend or authorize a commission to grant "exemptions" for a specific plan with less stringent standards than a compatibility plan. Instead, the Act contemplates that, in the event of such a conflict, certain steps will be taken to achieve the Act's overall objectives, including possible review by the commission of "all subsequent actions" taken by the city or county.
Even in the absence of section 21676's detailed procedures, nothing in the Act as a whole grants a commission the authority to exempt a specific plan from compliance with the commission's more stringent compatibility standards for land use, development density, and development intensity. A commission is a public agency of limited powers, and must exercise those powers only in furtherance of the Act's purposes. (See American Federation of Labor v. Unemployment Ins. Appeals Bd. (1996) 13 Cal.4th 1017,1042 ["An administrative agency must act within the powers conferred upon it by law and may not act in excess of those powers"]; Wildlife Alive v. Chickering (1976) 18 Cal.3d 190, 196
["`"In the grants [of powers] and in the regulation of the mode of exercise, there is an implied negative; an implication that no other than the expressly granted power passes by the grant; that it is to be exercised only in the prescribed mode . . . ."'"]; Duarte Witting, Inc. v. New Motor Vehicle Bd. (2002) 104 Cal.App.4th 626, 635; 20th Century Ins. Co. v. Quackenbush (1998) 64 Cal.App.4th 135, 139.) Here, no provision of the Act expressly or impliedly allows the exemption of a specific plan from a commission's more stringent compatibility standards.
Not only would the exemption in question be inconsistent with the Act's provisions and without authorization, it would be in conflict with the Act's purposes. A commission's responsibilities include "ensuring compatible land uses in the vicinity of all new airports and in the vicinity of existing airports . . . ." (§ 21674, subd. (a).) The legislative goals of "orderly development" (§ 21670, subd. (a)) and the discouragement of "incompatible land uses near existing airports" (§ 21674.7, subd. (b)) would not be served by the granting of such an exemption. Accordingly, a commission, as an administrative agency carrying out the Act's general purposes, may not grant an exemption from its more stringent compatibility standards for a city's or county's specific plan.
Finally, we note that the Act does allow a commission to "exempt" certain ministerial permits under narrowly drawn conditions described in section 21675.1, subdivision (g).[4] This demonstrates that the Legislature knows how to grant exemption authority to a commission when it so wishes. (See Safer v. Superior Court (1975) 15 Cal.3d 230, 237-238; Board of Trustees v. Judge (1975) 50 Cal.App.3d 920, 927.) However, section 21675.1 has no application to the situation under consideration here.
For the foregoing reasons, we conclude that a commission may not exempt a specific plan adopted by a city or county from compliance with the commission's more stringent compatibility standards for land use, development density, and development intensity in the vicinity of a public use airport.
[1] All statutory citations hereafter are to the Public Utilities Code unless otherwise indicated.
[2] Under limited circumstances, counties may forego establishment of a commission and may instead (1) designate an existing body to act as the functional equivalent thereto (§ 21670.1) or (2) adopt a resolution finding that "there are no noise, public safety, or land use issues affecting any airport in the county which require the creation of a commission" (§ 21670, subd. (b)). For two counties, the Act establishes a body to serve in place of a commission. (See §§ 21670.2 [Los Angeles County Regional Planning Commission]; 21670.3 [San Diego County Regional Airport Authority].) If a county has neither a commission nor a designated substitute body, any owner of a public airport therein may initiate proceedings before the board of supervisors to create a commission. (§ 21673.)
[3] Significantly, a commission must make its determination within 60 days from submission of the specific plan; otherwise, the specific plan "shall be deemed consistent with the airport land use compatibility plan." (§ 21676, subd. (d).)
[4] Section 21675.1 provides in part:
". . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(b) Until a commission adopts an airport land use compatibility plan, a city or county shall first submit all actions, regulations, and permits within the vicinity of a public airport to the commission for review and approval. Before the commission approves or disapproves any actions, regulations, or permits, the commission shall give public notice in the same manner as the city or county is required to give for those actions, regulations, or permits. As used in this section, `vicinity' means land that will be included or reasonably could be included within the airport land use compatibility plan. If the commission has not designated a study area for the airport land use compatibility plan, then `vicinity' means land within two miles of the boundary of a public airport.
 "(c) The commission may approve an action, regulation, or permit if it finds, based on substantial evidence in the record, all of the following:
 "(1) The commission is making substantial progress toward the completion of the airport land use compatibility plan.
 "(2) There is a reasonable probability that the action, regulation, or permit will be consistent with the airport land use compatibility plan being prepared by the commission.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(g) A commission may adopt rules and regulations that exempt any ministerial permit for single-family dwellings from the requirements of subdivision (b) if it makes the findings required pursuant to subdivision (c) for the proposed rules and regulations, except that the rules and regulations may not exempt either of the following:
 "(1) More than two single-family dwellings by the same applicant within a subdivision prior to June 30, 1991.
 "(2) Single-family dwellings in a subdivision where 25 percent or more of the parcels are undeveloped." (Italics added.)