Filed 3/9/15  P. v. Coreas CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ENRIQUE FRANCISCO COREAS,<br><br>    Defendant and Appellant. | B257455<br><br>(Los Angeles County Super. Ct.<br> No. BA406341) |

APPEAL from an order of the Superior Court of Los Angeles County, Monica Bachner, Judge.  Reversed in part, and affirmed in part.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, and Scott A. Taryle, Supervising Deputy Attorney General, Rene Judkiewicz, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Enrique Francisco Coreas was charged by information with two counts of driving under the influence (DUI) within 10 years of a prior felony conviction for DUI or vehicular manslaughter (Veh. Code, § 23550.5, subd. (a) [counts 1 and 2]).[1]  The information further alleged that defendant committed a prior felony DUI offense (§ 23153, subd. (b)).

Defendant pled guilty to count 1.  The trial court accepted the plea, and granted the prosecutor's motion to dismiss count 2 and the allegation under section 23153, subdivision (b).

Defendant was sentenced to 16 months in state prison.  Relevant here, the trial court orally imposed various fines and fees, including a $200 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $200 parole revocation fine (Pen. Code, § 1202.45), and a $33 Laboratory Service Fund fee (Pen. Code, § 1463.14, subd. (b)).

Defendant contends, and the Attorney General concedes, that the $33 lab fee was unauthorized, because defendant's conviction in count 1 was for violation of section 23550.5, subdivision (a), which is not enumerated among the violations for which the lab fee may be imposed.  Additionally, the Attorney General notes that the abstract of judgment must be amended because the $200 parole revocation fine that the trial court imposed at sentencing was erroneously omitted.

Our review of the record shows that the abstract of judgment contains two errors. It includes the $33 lab fee, which the trial court did not orally impose at the sentencing hearing, and omits the $200 parole revocation fine, which it did properly impose at the hearing.  We remand for the trial court to prepare an amended abstract of judgment to strike the $33 lab fee and include the $200 parole revocation fine, to correctly reflect its oral pronouncement.  In all other respects, we affirm the judgment.

Our resolution of the case should not be understood as an implied agreement with defendant's argument, and the Attorney General's concession, that the $33 lab fee imposed under Penal Code section 1463.14, subdivision (b), does not apply to a

---

[1] Statutory references are to the Vehicle Code, unless otherwise indicated.

conviction under section 23550.5. An argument can be made that section 23550.5 is merely an enhanced sentencing scheme applied to certain repeat offenders with a prior DUI or vehicular manslaughter conviction. (See *People v. Coronado* (1995) 12 Cal.4th 145, 152, fn. 5 ["The prior conviction provisions of [former] Vehicle Code section 23175 do not define a substantive offense, but rather result in increased punishment for a current conviction under Vehicle Code section 23152"].) Certain language in section 23550.5 suggests that it enhances punishment for convictions under section 23152 or 23153. We do not reach the merits of the issue, however, due to the defects in the abstract of judgment that require modification of the judgment.

## DISCUSSION[2]

Penal Code section 1463.14, subdivision (b) provides that "[t]he board of supervisors of a county may, by resolution, authorize an additional penalty upon each defendant convicted of a violation of Section 23152 or 23153 of the Vehicle Code, of an amount equal to the cost of testing for alcohol content, less the fifty dollars ($50) deposited as provided in subdivision (a)." The lab fee may be imposed upon a showing that the defendant has an ability to pay it. (Pen. Code, §1463.14, subd. (b).) Here, the trial court neither held a hearing to determine defendant's ability to pay the fee, nor orally imposed the lab fee at sentencing. The failure to impose the fee, on a silent record, implies a finding that the defendant does not have the ability to pay. (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1371.) The abstract of judgment thus conflicts with the trial court's oral pronouncement, which controls, and must be amended accordingly. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 (*Mitchell*).)

Additionally, the trial court properly imposed a $200 parole revocation fine under Penal Code section 1202.45, which is mandatory where, as here, a $200 restitution fine

---

[2] We do not discuss the facts of the offense, as they are not necessary to the resolution of defendant's appeal.

under Penal Code section 1202.4, subdivision (b) has been imposed.  (Pen. Code, §1202.45, subd. (a) ["In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4"].)  The parole revocation fine was incorrectly omitted from the abstract of judgment.  Again, the court's pronouncement controls, and the abstract of judgment must be corrected to reflect imposition of the $200 parole revocation fine under Penal Code section 1202.45.  (See *Mitchell*, *supra*, 26 Cal.4th at p. 185 ["An abstract of judgment is not the judgment of conviction; it does not control if it is different from the trial court's oral judgment"].)

### DISPOSITION

We reverse the order for the $33 Laboratory Service Fund fee (Pen. Code, § 1463.14, subd. (b)), and remand for the trial court to correct the abstract of judgment to properly reflect that the lab fee is stricken and the $200 parole revocation fine under Penal Code section 1202.45 is imposed.  The clerk of the superior court shall send a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

KRIEGLER, J.

We concur:

TURNER, P. J.                                 MOSK, J.

4