Filed 9/17/24  P. v. Vasquez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JAIRO JAVIER VASQUEZ, Defendant and Appellant. | F087460 (Super. Ct. No. 22CMS2802) OPINION |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Kathy Ciuffini, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Detjen, Acting P. J., Franson, J. and Meehan, J.

Defendant Jairo Javier Vasquez (defendant) contends on appeal that his sentence must be reversed and remanded for resentencing because the trial court abused its discretion when it imposed on-bail enhancements on counts 1 and 2. The People agree, as do we, that the court abused its discretion when it imposed on-bail enhancements on both of those counts. We strike the on-bail enhancement (Pen. Code, §12022.1)[1] on count 2. In all other respects, the sentence is affirmed.

## PROCEDURAL SUMMARY

On October 17, 2022, the Kings County District Attorney filed a second amended information, charging defendant with two counts of felony possession of a completed check exceeding $950 in value (§ 475, subd. (c); counts 1 & 2); two counts of misdemeanor possession of personal identifying information of another person (§ 530.5, subd. (c)(1); counts 3 & 4); misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 5); and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 6). As to counts 1 and 2, it was further alleged defendant committed the offenses while on bail or own recognizance in case No. 19CMS2874 (§ 12022.1) and that he suffered a prior strike (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On October 18, 2022, the trial court granted the defense's motion to dismiss count 5 for insufficient evidence under section 1118.

On October 19, 2022, the jury found defendant guilty of counts 1 through 4, and 6. The trial court found true the allegation that defendant committed the offense while on bail/own recognizance and that he suffered one prior strike conviction.

On December 14, 2023, the trial court sentenced defendant to a total term of seven years four months, as follows: on count 1, four years (the mid-term, doubled pursuant to the prior strike), plus two years for the section 12022.1 enhancement; on

---

[1] All statutory references are to the Penal Code unless otherwise noted.

count 2, one year four months (one-third the mid-term, doubled pursuant to the prior strike), plus two years for the section 12022.1 enhancement, stayed. On counts 3, 4 and 6, the court imposed concurrent misdemeanor sentences.

On January 12, 2024, defendant filed a notice of appeal.

## DISCUSSION[2]

Defendant contends the trial court abused its discretion when it imposed multiple on-bail enhancements (§ 12022.1) on counts 1 and 2. He argues the on-bail enhancements are "offender-related," and accordingly, may be counted only once in an aggregate sentence for multiple felony convictions. Alternatively, he contends that, if the issue was forfeited, defense counsel provided ineffective assistance by failing to object. The People agree, as do we, that the on-bail enhancements on counts 1 and 2 are "offender-related" and may be counted only once in defendant's aggregate sentence for multiple felony convictions.[3]

### A.    Background

At sentencing, the trial court stated defendant had "admitted the special allegation pursuant to [section] 12022.1." After denying probation, the court sentenced defendant, including on-bail enhancements for both counts 1 and 2, stating, "the Court must impose two years," and that it did not have discretion as to the enhancements.

Defense counsel asked whether there was "an out on bail enhancement under Count 2," and whether the enhancement was stayed.

The trial court stated,

---

[2]    We omit the underlying facts, as they are irrelevant to defendant's appeal.

[3]    As we agree with defendant that the on-bail enhancements on counts 1 and 2 may be counted only once in his aggregate sentence, we need not address his alternative argument that defense counsel provided ineffective assistance by failing to object to the imposition of multiple on-bail enhancements.

3.

"I don't think I have discretion to order two out on bail enhancements.  [¶] … [¶]

"So I would impose it … on Count 1, the [section] 12022.1, two years consecutive.  It's imposed on Count 2, [section] 12022.1, two years, but it's stayed, all right?"

The abstract of judgment also states the on-bail enhancement on count 2 was stayed.

### B.     Law

"[T]here are at least two types of sentence enhancements:  (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense.  [Citations.]  Prior prison term enhancements, such as those authorized by section 667.5[, subdivision] (b), fall into the first category and are attributable to the *defendant's status* as a repeat offender.  [Citations.]  The second category of enhancements … arise from the *circumstances of the crime* and typically focus on what the defendant did when the current offense was committed."  (*People v. Coronado* (1995) 12 Cal.4th 145, 156–157.)

An on-bail enhancement pursuant to section 12022.1 "turns on the status of a defendant as a repeat offender, not on what the defendant did when committing the current crime, i.e., the secondary offense."  (*People v. Walker* (2002) 29 Cal.4th 577, 589.)  Enhancements describing the nature of the offender such as those pursuant to section 12022.1 are imposed only once in a particular case.  (*People v. Augborne* (2002) 104 Cal.App.4th 362, 377.)

### C.     Analysis

Here, the trial court abused its discretion when it imposed two two-year on-bail enhancements in the same case, despite one of the enhancements being stayed.

Defense counsel failed to object to the imposition of the two enhancements at trial.  However, the issue was not forfeited because no objection was required for us to address the issue on appeal, as the imposition of multiple on-bail enhancements constituted an unauthorized sentence that "could not lawfully be imposed under any circumstance in the

4.

particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.)  Because the on-bail enhancements could only be imposed once as part of defendant's aggregate sentence, the court was required to strike all but one of the two-year terms.  (See *People v. Augborne*, *supra*, 104 Cal.App.4th at p. 377 [court could not impose two on-bail felony sentence enhancements in prosecution for robbery and criminal threats; on-bail sentence enhancement describes nature of offender, rather than nature of offense, and, as such, could be imposed only once in a particular case]; accord, *People v. Mackabee* (1989) 214 Cal.App.3d 1250, 1262 ["a single primary offense would not support two section 12022.1 enhancements—one for each of two secondary offenses"]; *People v. Nguyen* (1988) 204 Cal.App.3d 181, 196 ["Imposition of crime-bail-crime enhancements does not depend on the number of offenses charged in the information.  Like a prior conviction, it may be added only once to the defendant's sentence."].)

Accordingly, because the trial court could not lawfully impose more than one on-bail enhancement in defendant's case, we conclude the court erred when it imposed the on-bail enhancement on count 2, despite it being stayed.

## DISPOSITION

The on-bail enhancement (§ 12022.1) on count 2 is stricken.  In all other respects, the sentence is affirmed.