Filed 10/14/24  P. v. Perkins CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099324 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F01436) |
| v. | |
| DANTE PERKINS, | |
| Defendant and Appellant. | |

Defendant Dante Perkins appeals from a resentencing order made under Penal Code section 1172.75.[1]  Defendant had moved for dismissal of various enhancements included in his aggregate sentence of 35 years eight months in state prison.  At

---

[1]    Undesignated statutory references are to the Penal Code.

1

resentencing, the trial court dismissed a one-year prior prison term enhancement made invalid by amendments to section 667.5, subdivision (b), as well as two firearm enhancements under the amendments to section 1385. It declined to dismiss a third firearm enhancement.

Defendant contends that section 1385 required the trial court to dismiss the third firearm enhancement unless doing so would threaten public safety, a finding the trial court failed to make. Defendant also contends that the trial court erred in not striking a prior strike under section 1385, again without making a finding of danger to public safety.

We conclude that the provisions of section 1385 do not apply to either the third firearm enhancement or the prior strike. We therefore will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

When the victim returned to his car after buying cigarettes at a liquor store, defendant pointed a handgun at him, threatened to shoot him if he got back in the car, and then ordered the victim's girlfriend and their child out of the car at gunpoint and drove off in the car. (*People v. Perkins* (Oct. 7, 2013, C072924) [nonpub. opn.].)[2] A jury found defendant guilty of two counts of carjacking (§ 215, subd. (a); counts one and two), second degree robbery (§ 211; count three), and possession of a firearm by a felon (§ 29800, subd. (a)(1); count four). As to counts one, two, and three, the jury found that defendant personally used a firearm (§ 12022.53, subd. (b)). In a bench trial, defendant was found to have served a prior prison term and suffered a prior strike conviction.

The trial court sentenced defendant to an aggregate term of 35 years eight months in state prison as follows: 18 years (double the upper term for the strike) for count one plus 10 years for the firearm enhancement (§ 12022.53, subd. (b)); a consecutive three years four months (one-third the middle term, doubled) for count two plus three years

---

[2] This court considered respondent's request to take judicial notice of the record of the previous appeal in *People v. Perkins, supra*, C072924, as a motion to incorporate the record by reference, and as such granted the request.

four months (one-third the term) for the firearm enhancement (§ 12022.53, subd. (b)); plus one year for the prior prison term enhancement (§ 667.5, subd. (b)). The court imposed concurrent terms for count three, with its attendant firearm enhancement, and count four. A different panel of this court affirmed the judgment, rejecting defendant's claim that the trial court abused its discretion in denying his request to dismiss the prior strike. (*People v. Perkins, supra*, C072924.)

In December 2022, defendant filed a request for resentencing under Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483) (Stats. 2021, ch. 728, § 3), codified as section 1171.1,[3] seeking to dismiss the prior prison term enhancement under section 667.5. subdivision (b). Defendant also sought dismissal of the firearm enhancements under Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, §§ 1 & 2), which gave trial courts discretion to strike firearm enhancements imposed under section 12022.53, and Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill 81) (Stats. 2021, ch. 721, § 1), which added subdivision (c) to section 1385.

On April 26, 2023, the trial court determined that defendant's sentence included an enhancement that may be invalid under Senate Bill 483, having found his name on a list of eligible individuals received from the Secretary of the Department of Corrections and Rehabilitation. The court appointed defense counsel and set a briefing schedule.

In May 2023, defense counsel filed a brief in support of resentencing. Defendant sought dismissal of the prior prison term enhancement and a full resentencing, including: (1) imposition of the low term on count one under section 1170, subdivision (b)(6); (2) striking the prior strike under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497; and (3) imposition of a single firearm enhancement under section 1385.

---

[3] Effective June 30, 2022, section 1171.1 was renumbered as section 1172.75. Assembly Bill No. 200 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 58, § 12.). We will refer to section 1172.75 throughout this opinion.

In August 2023, the People filed an opposition acknowledging that, under Senate Bill 483, defendant was entitled to a resentencing hearing and conceding that the one-year prison prior enhancement must be dismissed. The People also argued that section 1385 as amended by Senate Bill 81 did not apply to the prior strike, which is not an enhancement. The People acknowledged that mitigating circumstances enumerated in section 1385, subdivision (c) may apply but argued the trial court should not strike any of the firearm enhancements, because doing so would endanger public safety. Lastly, the People contended the trial court should not exercise its discretion to strike the prior strike under *Romero*, noting that the court had denied the same request in the underlying case and arguing that defendant had failed to demonstrate that his background, character, and prospects were such that he should be deemed outside the spirit of the "Three Strikes" law.

On August 18, 2023, the trial court conducted a resentencing hearing. It began by denying defendant's *Romero* motion. Defendant does not challenge that decision on appeal.

Proceeding to resentencing, the trial court found defendant ineligible for probation. The court next considered mitigating circumstances favoring the dismissal of enhancements, as set forth in section 1385, subdivision (c). The court found that the mitigating circumstance specified in section 1385, subdivision (c)(2)(B), multiple enhancements alleged in a single case, applied. Based on that provision, the court dismissed two of the three section 12022.53 firearm enhancements. Given this action, the court found that section 1385, subdivision (c)(2)(C)'s mitigating circumstance, under which an enhancement could result in a sentence over 20 years, was inapplicable. The court said, "I don't find that to be relevant here anymore because I've dismissed all but one of the firearm enhancements. So I have a firearm enhancement for ten years . . . that in itself cannot make this term over 20 years." Alternatively, the court weighed aggravating and mitigating factors under the California Rules of Court and determined

4

that it would not be in the interests of justice to strike the remaining firearm enhancement.

The trial court then sentenced defendant on count one to the upper term of nine years in state prison under section 1170, subdivision (b)(3), based on defendant's numerous prior convictions as an adult and sustained juvenile petitions, doubled by the prior strike to 18 years, plus 10 years for the remaining firearm enhancement. The court declined to sentence defendant to the low term based on his youth, defined as 26 years old or younger, under section 1170, subdivision (b)(6)(B), finding it contrary to the interests of justice given the numerous aggravating factors that outweighed the single mitigating factor of youth.

On count two, the trial court sentenced defendant to a consecutive term of one-third the middle term doubled to three years four months by the prior strike. The court again imposed middle term concurrent sentences on counts three and four. Defendant's aggregate sentence now was 31 years four months.

Defendant filed a timely appeal.

## DISCUSSION

Defendant contends the trial court violated his right to due process in refusing to dismiss the remaining firearm enhancement under section 1385, given that the enhancement combined with the terms imposed on counts one and two resulted in a sentence exceeding 20 years (§ 1385, subd. (c)(2)(C)), and the court did not make a finding that dismissal would threaten public safety. Defendant further contends that the trial court erred in failing to dismiss his prior strike under section 1385 without finding that doing so would endanger public safety.

5

*The Trial Court's Decision Not to Strike the Remaining Firearm Enhancement*

*Pursuant to Section 1385, Subdivision (c)(2)(C)*

We conclude first that section 1385, subdivision (c)(2)(C) does not apply to defendant's sentence and, second, that section 1385, subdivision (c), does not apply to a prior strike under the Three Strikes law. Therefore, we need not reach the issue of whether section 1385 required the trial court to find that public safety would be endangered before refusing to dismiss an enhancement.

Senate Bill 483 provided a vehicle for defendant to raise the claims he now advances under section 1385. Effective January 1, 2022, Senate Bill 483 added section 1172.75 to the Penal Code providing: "Any sentence enhancement that was imposed prior to January 1, 2022, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).) The resentencing process described in section 1172.75 begins with the Secretary of the Department of Corrections and Rehabilitation notifying the trial court of any person serving a prison term that includes a section 667.5 enhancement, which vests the court with jurisdiction to recall and "resentence the defendant after verifying that his or her sentence includes a qualifying enhancement." (*People v. Kimble* (2024) 99 Cal.App.5th 746, 751, review granted Apr. 24, 2024, S284259, briefing deferred; see § 1172.75, subds. (b), (c).) There is no dispute that defendant's prior prison term was not for a sexually violent offense; therefore, he was entitled to have the one-year enhancement dismissed. However, the statute further provides that, at resentencing, the trial court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

Accordingly, in a resentencing hearing compelled by Senate Bill 483, defendant was permitted to also seek relief under Senate Bill 81, which amended section 1385 to add subdivision (c), providing in relevant part that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1).) Section 1385, subdivision (c)(2) further provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."

Defendant argues the mitigating factor articulated in section 1385, subdivision (c)(2)(C), applies here: "The application of an enhancement could result in a sentence of over 20 years." The trial court rejected this claim because the 10-year enhancement imposed under section 12022.53, subdivision (b) could not itself result in a sentence exceeding 20 years. Defendant, however, interprets section 1385, subdivision (c)(2)(C) to apply whenever an enhancement is a *component* of a sentence that exceeds 20 years.

Whether subdivision (c)(2)(C) of section 1385 applies where the base term of the sentence imposed already exceeds 20 years is a question of statutory interpretation that we review de novo. (*People v. Burke* (2022) 89 Cal.App.5th 237, 242.) " 'To resolve whether defendant's interpretation of the . . . statute[] is correct, we are guided by familiar canons of statutory construction. "[I]n construing a statute, a court [must] ascertain the intent of the Legislature so as to effectuate the purpose of the law." [Citation.] In determining that intent, we first examine the words of the respective statutes: "If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.'

7

[Citation.] 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' " [Citation.] If, however, the terms of a statute provide no definitive answer, then courts may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] "We must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." ' " (*Ibid.*, quoting *People v. Coronado* (1995) 12 Cal.4th 145, 151.)

We conclude that defendant's interpretation is at odds with the clear text of the statute. A sentence exceeding 20 years could "result" from an enhancement where a sentence of that length arises as a consequence of the enhancement. (See Merriam-Webster's Collegiate Dictionary (11th ed. 2003) p. 1063.) In other words, the effect of applying the enhancement itself leads to a sentence exceeding 20 years. The word "result" denotes a causal relationship between the enhancement and a sentence exceeding 20 years. Thus, the statute concerns "(enhancements increasing [a] sentence above 20 years) . . . . " (*People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1097, fn. 6, review granted Apr. 12, 2023, S278894, briefing deferred.) Here, the sentence already exceeded 20 years without any enhancement, so application of the one firearm enhancement the trial court allowed to stand did not result in the effect addressed by this provision. We conclude that the plain language of section 1385, subdivision (c)(2)(C) does not apply where the enhancement itself does not "result" in a sentence exceeding 20 years.

II

*The Trial Court's Refusal to Dismiss the Prior Strike Conviction*

Defendant next argues that the trial court erred because the Legislature's enactment of section 1385, subdivision (c), altered the scope of the trial court's discretion to dismiss his prior strike conviction. We disagree.

8

As we explained in *Burke*: "Subdivision (c) of section 1385 expressly applies to the dismissal of an 'enhancement.' (§ 1385, subd. (c)(1).) 'Ordinarily words used in a statute are presumed to be used in accordance with their established legal or technical meaning.' [Citation.] The term 'enhancement' has a well-established technical meaning in California law. [Citation.] 'A sentence enhancement is "an additional term of imprisonment added to the base term." ' [Citations.] It is equally well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense. [Citations.] We presume the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law. [Citation.] The Legislature did not otherwise define the word 'enhancement' in section 1385. Because the statutory language is clear and unambiguous, we follow its plain meaning and do not consider the legislative history cited by defendant. [Citation.] The plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement. We therefore conclude that section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law." (*People v. Burke, supra*, 89 Cal.App.5th at pp. 243-244, fn. omitted.)

Defendant also argues that in certain circumstances this court's interpretation of section 1385 as inapplicable to the Three Strikes law might render other provisions of the statute meaningless. For example, he points out that under section 1385, subdivision (c)(2)(G), a mitigating circumstance exists where the defendant was a juvenile when the defendant committed "the current or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the enhancement or enhancements applied in the current case." He further observes that a juvenile adjudication cannot trigger an enhancement because it is not considered a conviction for purposes of an enhancement, but a juvenile adjudication may qualify as a strike under the Three Strikes law. (*People v. Olay* (2023) 98 Cal.App.5th 60, 66.) So, the argument goes, "to give the phrase

9

'juvenile adjudications[]. . . that trigger the enhancement or enhancements applied in the current case' in section 1385, subdivision (c)(2)(G) any purpose or meaning, the term 'enhancement' should include prior strike allegations." (*Id*. at p. 66.) Defendant acknowledges, however, that *Olay* considered this argument and agreed "with *Burke*'s ultimate conclusion—that section 1385, subdivision (c) does not apply to the Three Strikes Law." (*Id*. at p. 67; accord, *People v. McDowell* (2024) 99 Cal.App.5th 1147, 1154; *People v. Dain* (2024) 99 Cal.App.5th 399, 410, review granted May 29, 2024, S283924, answer brief due; *People v. Serrano* (2024) 100 Cal.App.5th 1324, 1338 ["appellate courts have routinely rejected the argument that the 'Three Strikes' law constitutes an enhancement under section 1385[, subdivision] (c)"].)

We conclude that subdivision (c) of section 1385 does not apply to a prior strike under the Three Strikes law.

DISPOSITION

The judgment is affirmed.

\s\ ,
Krause, Acting P. J.

We concur:

\s\ ,
Boulware Eurie, J.

\s\ ,
Feinberg, J.

10