Filed 10/24/24  P. v. Gonzalez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERNESTO GONZALEZ,<br><br>    Defendant and Appellant. | D083016<br><br><br>(Super. Ct. No. CR136721) |


APPEAL from a judgment of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

For the reasons that follow, we decline Ernesto Gonzalez's request to remand this matter to the trial court for further resentencing and affirm.

*Background*

Gonzalez shot a man in the head, at close range, with a revolver loaded with a hollow point bullet. This was after his two codefendants had stabbed the man three times in the chest. In 1993 a jury convicted Gonzalez of first degree murder (Pen. Code,[1] § 187, subd. (a)) and found true he personally used a gun (former § 12022.5, subd. (a)) and had served a prior prison term (§ 667.5, subd. (b)). He was sentenced to serve 30 years to life, which included consecutive terms of four years on the gun enhancement and one year for the prison prior.[2] This court affirmed the judgment in 1996.

In August 2023, upon recommendation by the Secretary of the California Department of Corrections and Rehabilitation (CDCR), the trial court recalled Gonzalez's sentence pursuant to section 1172.75 to strike the now legally invalid one-year prison prior term enhancement. In a full resentencing at which Gonzalez was represented by counsel, the court also struck the punishment for the gun use enhancement, reducing the sentence by a total of five years.

At the resentencing hearing, Gonzalez's attorney requested the trial court to "reduce" his conviction for first degree murder to a voluntary manslaughter. The prosecutor responded this was "not … the appropriate time or venue" for such a request. The court declined to consider the request, stating it had "absolutely no authority to change the conviction" from murder

---

[1] All further undesignated statutory references are to the Penal Code.

[2] The 30-years-to-life term was run consecutive to a six-year term imposed in a different case arising from Gonzalez's commission of voluntary manslaughter the same year.

to voluntary manslaughter. Noting further that it had just denied Gonzalez's petition for vacatur of the murder conviction and resentencing under section 1172.6,[3] the court observed "[t]his is not a motion under which [it] might find that it was not a homicide" and it did not have jurisdiction to "substitut[e]" one charge for another at a resentencing under section 1172.75.

## II.

### *Remand for Further Resentencing Is Not Warranted*

Gonzalez does not contend the trial court erred in any aspect of its resentencing decisions. To the contrary, he concedes: "At the time of the [re]sentencing hearing, the court was correct. It did not have the authority to reduce [his] conviction from murder to manslaughter. While section 1172.75 required the court to apply all new laws since the date of the original sentencing that increased judicial sentencing discretion, there were no laws authorizing the court to reduce [his] conviction on the court's own motion." However, he seeks remand to the trial court for further resentencing under section 1172.75 so that the court can apply recent amendments to section 1172.1, enacted during the pendency of his appeal. We conclude remand for further resentencing is not warranted here.

A.    *Recall and Resentencing Under Section 1172.75*

Section 1172.75 permits the trial court to recall a sentence and fully resentence a defendant whose original sentence included a now-invalid one-year enhancement for a prior prison term pursuant to section 667.5,

---

[3]    In February 2023, the trial court denied Gonzalez's section 1172.6 petition at the prima facie stage because the record showed conclusively that he was an actual killer and the jury was not instructed on either felony murder or the natural and probable consequences doctrine for first degree murder.

3

subdivision (b). (§ 1172.75, subds. (c) and (d).) "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the [CDCR or county correctional administrator] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement." (*People v. Cota* (2023) 97 Cal.App.5th 318, 332; see § 1172.75, subds. (b) and (c).)

When a sentence is recalled under section 1172.75, the statute mandates "a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Relevant here, section 1172.75 provides that the resentencing "court shall apply the sentencing rules of the Judicial Council and *apply any other changes in law that* reduce sentences or *provide for judicial discretion* so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2), italics added.)

B.    *Recall and Resentencing Under Section 1172.1*

Section 1172.1 authorizes the trial court to recall a previously imposed sentence and resentence the defendant as an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun. (§ 1172.1, subd. (a)(1); see *People v. McCallum* (2020) 55 Cal.App.5th 202, 205–206, 210.) Section 1172.1 has been codified in different Penal Code provisions. It was first section 1170 (Stats. 2017, ch. 561, § 188); amended and moved to section 1170.03 (Stats. 2021, ch. 719, §§ 1–7, eff. Jan. 1, 2022); and then renumbered as section 1172.1 (Stats. 2022, ch. 58, § 9, eff. June 30, 2022).

At the time of Gonzalez's resentencing hearing in August 2023, a court recalling and resentencing under section 1172.1 could only do so on its own motion within 120 days of the date of commitment or upon a request by the CDCR or district attorney, among other governmental entities. (§ 1172.1, former subd. (a)(1).) Once the court recalled a sentence, the "court may, in the interest of justice and regardless of whether the original sentence was imposed after a trial or plea agreement" reduce a defendant's term of imprisonment by modifying the sentence or "[v]acate the defendant's conviction and impose judgment on any necessarily included lesser offense or lesser related offense, whether or not that offense was charged in the original pleading, and then resentence the defendant to a reduced term of imprisonment, *with the concurrence of both the defendant and the district attorney.*" (§ 1172.1, former subd. (a)(3), italics added.)

Effective January 1, 2024, while this appeal was pending, the Legislature amended section 1172.1 to (1) allow a trial court, on its own motion, to recall a sentence and resentence "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law" (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2); and (2) allow a trial court, "in the interest of justice and regardless of whether the original sentence was imposed after a trial or plea agreement" to "[v]acate the defendant's conviction and impose judgment on any necessarily included lesser offense or lesser related offense whether or not that offense was charged in the original pleading, *with the concurrence of the defendant*, and then resentence the defendant to a reduced term of imprisonment" (§ 1172.1, subd. (a)(3)(B), as amended by Stats. 2023, ch. 446, § 2).

C.    *Analysis*

In support of a remand for further resentencing, Gonzalez argues that section 1172.75 "incorporates any other statutes that were enacted after [his] original sentencing date which provide the court with increased discretion to reduce the defendant's sentence." The January 1, 2024 amendment to section 1172.1 is a change in law that provides the court with discretionary power, not available at the time of his sentencing, to reduce his murder conviction to a lesser included or lesser related offense. Because his judgment became non-final upon resentencing and his appeal from that hearing is still pending, the ameliorative changes to section 1172.1 retroactively apply to him under *In re Estrada* (1965) 63 Cal.2d 740, 744 ("If the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then, . . . it, and not the old statute in effect when the prohibited act was committed, applies."). Thus he asserts remand is warranted so the court can consider exercising its new discretion under amended section 1172.1 when resentencing him under section 1172.75.

The Attorney General opposes remand. He argues no remand is required because a recall and resentencing under section 1172.75 does not trigger application of section 1172.1, "as it is and always was a separate jurisdictional vehicle over a criminal judgment that is triggered by action of the trial court or a governmental actor such as [the] CDCR, and not by a request on the part of the defense." Even if a defendant could invoke section 1172.1, remand is not warranted because the 2024 amendment to the statute is not retroactive under *In re Estrada*. Last, the Attorney General argues remand would be futile because the trial court made clear it believed Gonzalez properly stood convicted and sentenced for first degree murder.

Because this appeal presents a question of statutory interpretation, our review is de novo. (*People v. Tirado* (2022) 12 Cal.5th 688, 694.) In interpreting a statute, we ascertain the intent of the Legislature to effectuate the purpose of the law. (*People v. Coronado* (1995) 12 Cal.4th 145, 151.) In doing so, we first look to the words of the respective statutes. If there is no ambiguity in the language of the statute, then we presume the Legislature meant what it said, and the plain meaning of the language governs. (*Ibid.*) Only if the terms of a statute provide no definitive answer may we resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. (*Ibid.*)

We accept without deciding, for the purposes of this appeal, Gonzalez's contention that a full resentencing must incorporate any applicable ameliorative changes in sentencing law enacted during the pendency of his appeal and that section 1172.1 grants the trial court discretion to modify the judgment of conviction and reduce his sentence. However, we do not read section 1172.1 to *require* the trial court to reconsider its resentencing of Gonzalez and therefore to compel remand for that purpose. The plain language of the statute reserves to the trial court the discretion whether to act pursuant to the statute.

Section 1172.1, subdivision (a)(1), leaves to the trial court the decision whether, on its own motion and at any time, to recall and resentence a defendant. It also plainly states that "[a] defendant is not entitled to file a petition seeking relief from the court under this section" and "[i]f a defendant requests consideration for relief under this section, *the court is not required to respond.*" (§ 1172.1, subd. (c), italics added.) Elsewhere the Legislature has made clear its intention to allow only specified individuals to request the benefit of ameliorative changes in sentencing laws. (See §§ 1172.1,

subd. (a)(1), (7) [authorizing correctional or prosecutorial officials to petition trial court for recall and resentencing and requiring court to state on the record its reasons for granting or denying petition], 1170.91, subd. (b) [requiring a trial court to hold a resentencing hearing, upon petition by a defendant suffering from one or more of various conditions arising from military service], 1172.2, subd. (c) [requiring trial court to hold a hearing within 10 days of receipt of petition from correctional officials requesting recall and resentencing of defendant suffering from specified medical conditions].)  The Legislature's explicit decision not to grant a defendant that option under section 1172.1 militates against ordering a remand here.

Section 1172.1 is not like other resentencing laws that the voters or Legislature have enacted to require the trial court to recall and correct sentences imposed pursuant to statutory provisions that have since been invalidated.  (Compare, e.g., §§ 1170.126, subd. (f) [directing courts to resentence defendants consistent with amendments to three strike law], 1172.75, subd. (a) [invalidating specified enhancements for prior prison terms], 1172.7, subd. (a) [invalidating certain sentencing enhancements for controlled substance violations].)  We therefore do not interpret section 1172.1 to allow Gonzalez to invoke it to compel resentencing and thereby bypass the court's discretionary authority to choose in the first instance whether even to consider reducing his sentence.

We observe that even without a remand, the trial court retains the discretion under section 1172.1 to reduce Gonzalez's sentence further, on its own motion and as it deems appropriate.  Any instruction from this court directing the trial court to exercise such discretion would be an improper intrusion into the trial court's discretionary purview.  To be clear, we express

8

no opinion as to whether the trial court should take that initiative now or at any time in the future.  We simply decline to order the trial court to act.

DISPOSITION

The judgment is affirmed.


DO, J.

WE CONCUR:


DATO, Acting P. J.


BUCHANAN, J.