Filed 7/29/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C100501 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2022-0005820) |
| v. | |
| SERGIO MUNGUIA TORRES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Joaquin County, Seth R. Hoyt, Jr., Judge. Affirmed.

Brad K. Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant Sergio Munguia Torres guilty of first degree murder in the killing of his wife, Sonia Suarez, and found true that defendant personally and intentionally used a firearm. The trial court sentenced defendant to 25 years to life for murder, plus 25 years to life for the firearm enhancement, for an aggregate sentence of 50 years to life. Defendant appeals, contending the trial court erred in refusing to dismiss the firearm enhancement under Penal Code[1] section 1385. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The evidence established that defendant waited in his vehicle until Suarez drove by and then followed her and ran her off the road. He shot her when she tried to drive off and he then fled the scene.

An information charged defendant with murder and alleged that he personally and intentionally discharged a firearm causing death. A jury found defendant guilty of first degree murder and found true the firearm allegation.

The prosecution filed a sentencing brief asking the trial court to deny probation, exercise its discretion not to dismiss the firearm enhancement under section 1385, and impose consecutive 25-year terms for first degree murder and the firearm enhancement. Defendant did not file a sentencing brief.

At the sentencing hearing on February 5, 2024, the prosecutor reiterated the prosecution's request to impose the maximum sentence. Defense counsel stated, "We don't have any additional information."

Addressing the firearm enhancement, the trial court commented that, assuming defendant was requesting dismissal under section 1385, the court understood its discretion to the strike the enhancement but observed that the victim was "particularly vulnerable" and "the manner in which the crime was carried out indicated planning,

---

[1] Undesignated statutory references are to the Penal Code.

sophistication, or professionalism." The court further stated, "[D]efendant engaged in violent conduct that indicates a serious danger to society. Also, there was evidence of lying in wait." The court concluded it "would not grant any request to strike the firearm enhancement."

The trial court sentenced defendant to an indeterminate term of 25 years to life for first degree murder and a consecutive term of 25 years to life for intentional discharge of a firearm causing death, for total term of 50 years to life. The court imposed mandatory fines and fees, ordered $7,500 in restitution for funeral and burial expenses, and reserved jurisdiction on additional restitution. The court awarded 561 days of actual custody credit (but no conduct credit under section 2933.2).

Defendant appeals.

DISCUSSION

Defendant contends that the trial court erred in failing to strike the firearm enhancement under section 1385 based on the mitigating circumstance in subdivision (c)(2)(C) of the statute, under which an enhancement could result in a sentence of over 20 years. We disagree and affirm.

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) added subdivision (c) to section 1385, providing in relevant part that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1).) Section 1385, subdivision (c)(2) further provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."

3

The parties dispute whether defendant forfeited a challenge on appeal regarding the application of subdivision (c)(2)(C) on section 1385. Defendant was sentenced more than two years after section 1385, subdivision (c) became effective. Yet defendant did not object or raise any issue under this subdivision in the trial court. Failure to do so forfeits the issue on appeal. (*People v. Carmony* (2004) 33 Cal.4th 367, 375-376; *People v. Scott* (1994) 9 Cal.4th 331, 351-354.) Defendant argues, however, that if the claim was forfeited, he received ineffective assistance of counsel due to his attorney's failure to raise the issue. To forestall defendant's claim of ineffective assistance of counsel, we will exercise our discretion to reach the merits of defendant's claim. (See *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 [appellate court has authority to reach a forfeited claim]; *People v. Crittenden* (1994) 9 Cal.4th 83, 146 [reviewing court may exercise discretion to consider forfeited claims to forestall ineffective assistance of counsel arguments].)

Defendant contends only one mitigating circumstance enumerated in section 1385 applies, subdivision (c)(2)(C), which provides in relevant part: "The application of an enhancement could result in a sentence of over 20 years." The People argue: "It cannot be said that application of the enhancement 'could result' in a sentence of over 20 years, because [defendant's] sentence already exceeded that by virtue of his indeterminate sentence for first degree murder." Defendant responds: "The use of the word 'result' indicates that courts look to the aggregate term once the sentence on the substantive offense and the sentence on the enhancement are accounted for." In other words, defendant interprets subdivision (c)(2)(C) to apply whenever an enhancement is a *component* of a sentence that exceeds 20 years. We agree with the People.

Whether subdivision (c)(2)(C) of section 1385 applies where the base term of the sentence imposed already exceeds 20 years is a question of statutory interpretation that we review de novo. (*People v. Burke* (2023) 89 Cal.App.5th 237, 242.) " 'To resolve whether defendant's interpretation of the . . . statute[] is correct, we are guided by

4

familiar canons of statutory construction. "[I]n construing a statute, a court [must] ascertain the intent of the Legislature so as to effectuate the purpose of the law." [Citation.] In determining that intent, we first examine the words of the respective statutes: "If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.' [Citation.] 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' " [Citation.] If, however, the terms of a statute provide no definitive answer, then courts may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] "We must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." ' " (*Ibid*., quoting *People v. Coronado* (1995) 12 Cal.4th 145, 151.)

We conclude that defendant's interpretation is at odds with the clear text of the statute. To reiterate, subdivision (c)(2)(C) of section 1385 provides in relevant part, "The application of an enhancement could result in a sentence of over 20 years." A sentence exceeding 20 years could *result* from an enhancement where a sentence of that length arises as a consequence of the enhancement. (See Merriam-Webster's Collegiate Dictionary (11th ed. 2006) p. 1063, col. 1 [defining "result"].) Thus, the effect of applying the enhancement itself leads to a sentence exceeding 20 years. The word result denotes a causal relationship between the enhancement and a sentence exceeding 20 years. Accordingly, this subdivision concerns "enhancements increasing [a] sentence above 20 years." (*People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1097, fn. 6.) In this instance, the sentence already exceeded 20 years without any enhancement, so application of the firearm enhancement did not result in the effect addressed by this provision. We conclude from the plain language of section 1385, subdivision (c)(2)(C)

that this provision does not apply where the enhancement itself does not "result" in a sentence exceeding 20 years.

Because we conclude subdivision (c)(2)(C) of section 1385 does not apply here, we need not address defendant's arguments that this provision mandates dismissal and remand is warranted because the trial court considered only defendant's current dangerousness and not his future dangerousness after serving a 25-years-to-life sentence.

DISPOSITION

The judgment is affirmed.

/s/

ROBIE, Acting P. J.

We concur:

/s/

BOULWARE EURIE, J.

/s/

WISEMAN, J.[*]

---

[*]     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.