Filed 2/24/26  P. v. Barry CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B345512 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA083608) |
| v. | |
| DANIEL KEVIN BARRY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John J. Lonergan, Judge.  Affirmed.

Juvenile Innocence and Fair Sentencing Clinic, Christopher Hawthorne, Gabrielle Trujillo, and Grady Smith for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

After appellant Daniel Kevin Barry pled no contest to murder—a crime he committed when he was 16 years old—the court sentenced him to a total of 45 years to life in prison. Seventeen years later, Barry petitioned the superior court to recall his sentence pursuant to Penal Code section 1170, subdivision (d)(1)(A) (section 1170(d)(1)(A)), arguing he was entitled to relief under that section because his sentence was the functional equivalent of life without the possibility of parole (LWOP).[1]  The court denied his petition, finding his sentence was not the functional equivalent of LWOP.

Although by its plain language, section 1170(d)(1)(A) applies only to defendants sentenced to LWOP, *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*) held that the guarantees of equal protection would be violated if the statute's benefits were not extended to defendants sentenced to the functional equivalent of LWOP.

On appeal, Barry argues that, in *People v. Contreras* (2018) 4 Cal.5th 349 (*Contreras*), our Supreme Court held that sentences of 50 years and 58 years to life imposed on a juvenile offender were the functional equivalents of LWOP, and Barry's sentence of 45 years to life suffers from the same infirmities as those considered in *Contreras*.  Therefore, Barry contends he has also been sentenced to the functional equivalent of LWOP, meaning the court erred under *Heard* in denying his petition.

Even were we to assume the Legislature violated the guarantees of equal protection by not extending the benefits of section 1170(d)(1)(A) to those sentenced to the functional equivalent of LWOP, and even were we to find Barry's initial

---

[1] Undesignated statutory references are to the Penal Code.

sentence was the functional equivalent of LWOP—a finding we do not make—Barry's equal protection challenge to section 1170(d)(1)(A) is moot because the enactment of section 3051 converted his sentence to a life term with parole eligibility after 25 years. Put differently, because section 3051 modified Barry's prison term to one not functionally equivalent to LWOP, section 3051 eliminated the basis for his equal protection challenge to section 1170(d)(1)(A). Accordingly, we affirm the order denying his petition for recall and resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Barry Pleads Guilty to Murder*

In 2006, an information charged Barry (who was born in December 1988) with one count of murdering Charles Kim in November 2005, and one count of attempting to murder Daniel Roe in November 2005. The information further alleged Barry personally and intentionally discharged a firearm while committing the murder. Barry pleaded no contest to the murder count, and the court sentenced him to 45 years to life, consisting of 25 years to life for murder, and an additional 20 years for using a firearm.

### B. *Barry Petitions to Recall the Sentence*

In October 2023, Barry petitioned the superior court to recall his sentence pursuant to section 1170(d)(1)(A), contending his sentence was "the functional equivalent of life without the possibility of parole" under the reasoning set forth in *Contreras*. In March 2024, the superior court denied Barry's petition, finding that his eligibility for parole after 25 years of incarceration under

3

section 3051 meant his sentence was not the functional equivalent of LWOP.

In October 2024, Barry moved the court to reconsider, citing *People v. Sorto* (2024) 104 Cal.App.5th 435—issued by our colleagues in Division Three in August 2024—and arguing *Sorto* held that " 'offenders sentenced to functionally equivalent LWOP terms . . . are entitled to section 1170(d) relief under the constitutional guarantee of equal protection.' "  In March 2025, the superior court denied the motion for reconsideration, again finding Barry's sentence was not "a de facto LWOP sentence."

Barry timely appealed.

## DISCUSSION

Section 1170(d)(1)(A) provides:  "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing."  In *Heard*, the appellate court held that "denying juvenile offenders, who were sentenced to the functional equivalent of life without parole, the opportunity to petition for resentencing [under section 1170(d)(1)(A)] violates the guarantee of equal protection." (*Heard, supra*, 83 Cal.App.5th at p. 612.)  In *Contreras*, our Supreme Court held that sentencing a juvenile nonhomicide offender to 50 years to life in prison violated the Eighth Amendment's guarantee against cruel and unusual punishment because the sentence was "functionally equivalent" to LWOP. (*Contreras, supra*, 4 Cal.5th at p. 369.)  Our high court

4

additionally implied sentences of less than 50 years to life might also violate the Eighth Amendment. (*Id*. at pp. 377–378.)

Based on these authorities, Barry argues the superior court erred in finding he was ineligible for relief under section 1170(d)(1)(A), because his 45-year-to-life sentence was the functional equivalent of LWOP. Barry agrees that whether he is eligible to petition for a recall and resentencing under section 1170(d)(1)(A) is a question of statutory interpretation we review de novo. (*People v. Walker* (2024) 16 Cal.5th 1024, 1032.) We conclude that, even were we to agree that not extending the benefits of Section 1170(d)(1)(A) to those sentenced to the functional equivalent of LWOP violated equal protection, Barry is still ineligible for relief because, by operation of section 3051, he is serving a sentence of life with the possibility of parole after 25 years, which is not functional LWOP under any authority or analysis.

### A. *The Legislature Enacts Section 3051*

"Effective January 1, 2014, the Legislature passed Senate Bill No. 260 (2013–2014 Reg. Sess.), which added section 3051 (youth offender parole hearings) and modified other provisions of the Penal Code. (Stats. 2013, ch. 312, § 4.)" (*People v. Ortega* (2025) 111 Cal.App.5th 1252, 1259 (*Ortega*), review granted Sept. 17, 2025, S292070.) Section 3051 "requires the Board [of Parole Hearings] to conduct a 'youth offender parole hearing' during the 15th, 20th, or 25th year of a juvenile offender's incarceration." (*People v. Franklin* (2016) 63 Cal.4th 261, 273 (*Franklin*).) "The date of the hearing depends on the offender's ' "[c]ontrolling offense," ' which is defined as 'the offense or enhancement for which any sentencing court imposed the longest term of imprisonment.' " (*Ibid*.) "A juvenile offender whose

5

controlling offense carries a term of 25 years to life or greater is 'eligible for release on parole by the board during his or her 25th year of incarceration at a youth offender parole hearing.' " (*Ibid.*)

### B. *The Court Did Not Err in Denying Barry's Petition Because His Sentence Has Been "Converted"*

Barry's controlling offense (murder) carried a term of 25 years to life. Thus, although the trial court sentenced him to 45 years to life, he will be eligible for parole during his 25th year of incarceration. (*Franklin, supra*, 63 Cal.4th at p. 273.) In *Ortega*, the appellate court held that "[t]he requirement of a youth offender parole hearing moots a juvenile defendant's constitutional claim that he is serving a sentence that is the functional equivalent of LWOP." (*Ortega, supra*, 111 Cal.App.5th at p. 1260, rev.gr.) This is because the defendant in *Ortega*, like Barry, " 'is now serving a life sentence that includes a meaningful opportunity for release during his 25th year of incarceration. Such a sentence is neither LWOP nor its functional equivalent.' " (*Id.* at p. 1262.) We agree.

We recognize *Heard* "rejected the argument that, under the reasoning of *Franklin*, section 3051 had reformed the defendant's sentence so that it was no longer the functional equivalent of life without parole, rendering him ineligible for relief under section 1170(d)." (*People v. Thompson* (2025) 112 Cal.App.5th 1058, 1069, fn. 3, review granted Sept. 24, 2025, S292540.) We respectfully disagree with *Heard*.

*Heard*'s analysis permitting relief under section 1170(d)(1)(A) because defendant "was sentenced" to the functional equivalent of LWOP "cannot be reconciled with the Supreme Court's analysis in *Franklin*." (*Ortega, supra*, 111

6

Cal.App.5th at p. 1264, rev.gr.)  Like the court in *People v. Isayev* (2025) 113 Cal.App.5th 1117, review granted Nov. 12, 2025, S292860 (*Isayev*), "we do not ascribe much significance to the fact that the statute refers to the offender's sentence in the past tense" because, "[r]elative to the time when a petition for recall and resentencing is filed, a sentence will always have been entered in the past." (*Id.* at p. 1143.)  " 'We must select the construction [of a statute] that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' "  (*People v. Coronado* (1995) 12 Cal.4th 145, 151.) "The legislative purpose 'will not be sacrificed to a literal construction' of any part of the statute."  (*People v. Lofchie* (2014) 229 Cal.App.4th 240, 251.)

*Isayev* concluded that "the focus of section 1170, subdivision (d)(1), is the sentence being served *at the time the petition for recall and resentencing is filed,* not whatever sentence may have been imposed at the original sentencing hearing."  (*Isayev*, *supra*, 113 Cal.App.5th at p. 1142, rev.gr.)  "[S]ection 1170, subdivision (d), was 'inspired by concerns regarding sentences of life without parole for juvenile offenders' " and was "enacted . . . to provide (certain) juvenile offenders serving LWOP terms an avenue 'to seek recall of their sentences and resentencing to a term that includes an opportunity for parole.' "  (*Ibid.*)  "[T]o assume that the Legislature created a procedure for recalling and resentencing juvenile offenders sentenced to LWOP even if that sentence was modified or vacated on direct appeal or via postconviction collateral attack" would be "inconsistent with legislative intent."  (*Ibid.*)

7

Nor do we find persuasive Barry's argument that the Legislature agrees with *Heard* because it has neither repealed section 1170(d)(1)(A) nor amended it in a manner contrary to *Heard*'s holding. As Barry himself notes, there are still defendants who are ineligible for relief under section 3051 who may be eligible for relief under section 1170(d)(1)(A). The Legislature's decision not to repeal section 1170(d)(1)(A) could just as easily be caused by its recognition that section 1170(d)(1)(A) still serves a purpose for juveniles serving LWOP, or functional LWOP sentences, who are ineligible for relief under section 3051. "[L]egislative inaction supplies only a ' " ' " 'weak reed upon which to lean' ". . . .' " ' in inferring legislative intent." (*Naranjo v. Spectrum Security Services, Inc.* (2022) 13 Cal.5th 93, 116.)

In any case, there is no dispute Barry is eligible for relief under section 3051. He is therefore not serving a sentence that is the functional equivalent of LWOP. Thus, the superior court did not err in denying his request for relief under section 1170(d)(1)(A).

## DISPOSITION

The superior court's order is affirmed.
NOT TO BE PUBLISHED

M. KIM, J.

We concur:

BENDIX, Acting P. J.          WEINGART, J.

8